**Ray Eugene LANE, Appellant,**

v.

**the STATE of Texas, State.**

**No. 2–85–247–CR.**

Court of Appeals of Texas, Fort Worth.

July 30, 1986.

George Kredell, Arlington, for appellant.

Tim Curry, C. Chris Marshall, George Gallagher, Scott Wisch and Delonia A. Watson, Fort Worth, for State.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

OPINION

FENDER, Chief Justice.

This is an appeal from a conviction for the offense of robbery, enhanced by two prior convictions. *See* TEX.PENAL CODE ANN. sec. 29.02 (Vernon 1974). After pleading not guilty before a jury, appellant was adjudged to be guilty. Appellant plead not true to two enhancement paragraphs, but the trial court found them to be true and assessed punishment at 30 years imprisonment in the Texas Department of Corrections.

We reverse.

On April 6, 1985, Officer Kathy Manning of the Fort Worth Police Department was working undercover posing as a stranded motorist. Appellant, Ray Eugene Lane, asked Manning what was wrong with the automobile and then tried to get Manning's purse. Manning pulled her wallet out of the purse and appellant grabbed the top part of the wallet with his right hand. The officer jerked back and pulled the wallet to her. Appellant then grasped the top of the wallet with both hands and they began to struggle for the wallet. Appellant twisted the wallet, took it and ran. Officer Manning sustained bruising to her wrists.

Section 29.02 of the Texas Penal Code, concerning robbery states:

(a) A person commits an offense if, in the course of committing theft ... and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly [1] causes bodily injury to another

....

TEX.PENAL CODE ANN. sec. 29.02 (Vernon 1974).

The indictment charged that appellant "did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, cause bodily injury to K.A. Manning by twisting her wrist."

In his fourth ground of error appellant urges that the evidence was insufficient beyond a reasonable doubt to sustain a jury finding that the defendant intentionally or knowingly caused bodily injury to Officer Manning by twisting her wrists. Appellant contends that because he did not hit or strike the police officer nor did he push her down and because he merely pulled and twisted the wallet from her hands, the injury suffered by the policewoman was not intentionally or knowingly inflicted.

The practice commentary to TEX.PENAL CODE ANN. sec. 29.02 (Vernon 1974) identifies the legislative intent of the robbery statute: "As in prior law, the *violence* used or threatened must be for the purpose of ... preventing or overcoming resistance to the theft." [Emphasis ours.]

We do not believe that the pulling and twisting of the wallet by appellant was the type of "violence" the legislature had in mind when enacting the statute. In other cases involving robbery, the violence used was, for example, hitting, *see Lightner v. State,* 535 S.W.2d 176, 177 (Tex.Crim.App. 1976); *Mayfield v. State,* 649 S.W.2d 361, 362 (Tex.App.—Fort Worth 1983, pet. ref'd); arm twisting, *Lewis v. State,* 530 S.W.2d 117, 117 (Tex.Crim.App.1975); or pushing, *Cano v. State,* 614 S.W.2d 578,

579 (Tex.Crim.App.1981). Here, it cannot be held that appellant intentionally and knowingly caused bodily injury to Officer Manning because he did not ever touch her and his acts were not such that he would have known that she would have been injured by them. Therefore, we find the evidence insufficient to support the conviction and sustain appellant's fourth ground of error.

In light of our holding, we need not address appellant's other three grounds of error.

The judgment is reversed and remanded to the trial court for a judgment of acquittal.

---

**1.** The indictment did not include an allegation of recklessness.