**Reid Darwin PHELPS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–97–00258–CR.**

Court of Appeals of Texas, Eastland.

July 29, 1999.

Christopher Till, Attorney at Law, Central-Comanche, for appellant.

G, Lee Haney, District Attorney, Brownwood, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and DICKENSON, Senior Justice.*

## OPINION

W.G. ARNOT, III, Chief Justice.

A jury convicted Reid Darwin Phelps of injury to a child.[1] The indictment contained enhancement paragraphs for two prior felony convictions. The jury found both paragraphs true and assessed punishment at 60 years confinement.[2] Appellant urges 13 points of error. We affirm.

In his eleventh, twelfth, and thirteenth points of error, appellant argues that the evidence was legally and factually insufficient to support the jury's verdict. In reviewing the legal sufficiency of the evidence, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App. 1996); *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991). In conducting a factual sufficiency review, we examine all of the evidence impartially and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. State,* 958 S.W.2d 404 (Tex.Cr.App.1997); *Clewis v. State, supra* at 129. Appellate courts measure legal and factual sufficiency against a hypothetically correct charge. See *Malik v. State,* 953 S.W.2d 234 (Tex. Cr.App.1997); *Warren v. State,* 971 S.W.2d 656 (Tex.App.—Dallas 1998, no pet'n).

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. TEX. PENAL CODE ANN. § 22.04 (Vernon 1994 & Supp.1999).

2. TEX. PENAL CODE ANN. § 12.42 (Vernon 1994 & Supp.1999).

The issue before this court is whether the standard of review for legal sufficiency as established in *Malik* for "hypothetically correct jury charge" will extend to an indictment. The indictment alleged in pertinent part that appellant did "intentionally and knowingly cause serious bodily injury to [the victim], a child younger than fifteen years of age, by striking her in the head with his hand." The jury charge tracked the language of the indictment. Although the evidence is legally and factually sufficient to prove that appellant caused serious bodily injury to the child by striking her in the head, the State did not offer any evidence that appellant used his hands to commit the crime.

On December 19, 1996, appellant lived with his girlfriend, Michelle Lofton, and with her two daughters. Early that morning, appellant called Lofton at work and asked her to come home. Upon her return, Lofton watched as appellant brought the child (age 3) down the stairs. Lofton testified that she did not notice any signs of injury, but she said that the child's tongue was sticking out and her eyes were "just everywhere."

Appellant drove the child to Brownwood Regional Medical Center. In the emergency room, appellant and Lofton told the nurse that Selina had fallen off the commode. The child also told the nurse that she fell off the commode. Because the child's injuries were not consistent with the explanations given, hospital personnel called for a Child Protective Services caseworker. Elice Lee, from Child Protective Services, arrived at the hospital shortly after the call and observed the child. Lee noticed that the child was lethargic and did not move her limbs. The child told Lee that appellant had hit her real hard in the head.

Brownwood Police Department officers were dispatched to the hospital, but appellant had already left when they arrrived. The police went to Lofton's apartment and found appellant locked inside. Lofton gave the police permission to open a window to enter her apartment. Appellant was found sitting on the couch. He told the officers that two or three days ago, he spanked the child for going to the bathroom on the couch. Appellant then stated that two weeks earlier the child fell down some stairs. He also said that he would never hurt any kid and that he thought all children were angels.

The child was transported by helicopter to Cooks Children's Medical Center in Fort Worth. Dr. Jan Lea Lamb treated the child and observed the following injuries: (1) vertical skull fracture, (2) a subdural hematoma, (3) retinal hemorrhages, (4) elevated liver enzymes, and (5) multiple bruises of different colors and at different stages of healing across her face, flanks, and buttocks. Dr. Lamb testified that many of the injuries were consistent with being struck in the head. Dr. Lamb said it would be rare for a fall of under three to four feet to result in a skull fracture. Dr. Lamb testified that, even though a person could sustain a skull fracture from a fall, he believed the child's injuries suggested a non-accidental trauma given the other injuries, the loss of consciousness, and the pattern of injuries sustained by the child.

Appellant called two doctors to testify on his behalf. First, Dr. Marlen S. Strefling testified about a prior injury to the child. Dr. Strefling had treated the child five months earlier for a broken arm and had not seen any signs of child abuse at that time. Apparently, the child had fallen off the sofa while appellant was not present. Dr. Strefling also testified regarding the medical records from Cooks Children's Hospital. He stated that the findings were inconclusive as to whether child abuse occurred. Second, Dr. Robert Hogue testified about the fall. Specifically, Dr. Hogue testified that it would be difficult to determine the mechanism for the injury without knowing more information.

Lofton told Dr. Lamb that she and appellant had been fighting about discipline issues. Lofton also mentioned that the

child had a history of injuries that occurred only when the child was in appellant's care. During trial, however, Lofton told the jury that the child was active and prone to injury. Lofton also told the jury that appellant was really good with her children and that appellant would read Bible stories to them. She described her relationship with appellant as a good one.

Upon further examination by the State, Lofton admitted that she had called the police four or five times because of appellant. She also admitted to an injury she received from appellant which required seven staples in her head. Officer Dennis Weathermon testified that Lofton had called the police and reported a prior injury to the child. Lofton told Officer Weathermon that appellant forcibly grabbed the child by her face, leaving bruises on both sides of her face and throat. The incident arose because of the child's bed-wetting problem.

 Generally, if an allegation in the indictment is not descriptive of a legally-essential element, such words can be rejected as surplusage. *Collins v. State*, 500 S.W.2d 168 (Tex.Cr.App.1973). When the unnecessary allegation is descriptive and explanatory of the offense charged, the State must prove the allegation even though needlessly pleaded. *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Cr.App. 1975). The means used to commit an assault is not a legally-essential element to that offense. See *Burrell v. State, supra* at 803. However, the phrase "with his hand" was descriptive of the crime and should not be considered surplusage. Under the exception in *Burrell*, the evidence as traditionally measured by the jury charge would be neither legally nor factually sufficient to support the verdict.

 In *Malik*, the Court of Criminal Appeals abandoned the standard of sufficiency review which measured the elements of the crime by the jury charge actually given. *Malik v. State, supra* at 239. The court held that the sufficiency of

the evidence is measured by the elements of the offense as defined by the "hypothetically correct" jury charge for the case. The charge should be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried. *Malik v. State, supra* at 240. The logical basis for *Malik* was to prevent an acquittal when the State had otherwise proven all of the elements of the offense when measured by a "hypothetically correct" charge.

TEX. PENAL CODE ANN. § 22.04(a) (Vernon 1994), entitled Injury to a Child, Elderly Individual, or Disabled Individual, provides:

A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:

(1) serious bodily injury;

(2) serious mental deficiency, impairment, or injury; or

(3) bodily injury.

The manner and means "by striking her in the head with his hand" does not appear as an element of the offense. In *Blanco v. State*, 962 S.W.2d 46, (Tex.Cr.App.1998), Judge Overstreet, in his concurring opinion, stated:

In light of *Malik*, 953 S.W.2d at 240, holding that "sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case[,]" apparently we now measure evidence sufficiency based upon what the State was hypothetically required to prove beyond a reasonable doubt, *rather than what the statute, indictment, and jury charge required.* (Emphasis added)

In *Rojas v. State*, 986 S.W.2d 241, 246 (Tex.Cr.App.1998), Judge Meyers, in speaking for the court, stated:

When an indictment facially alleges a complete offense, the State is bound by the theory alleged in the indictment, as is the reviewing court in its sufficiency analysis ... *Fisher v. State*, 887 S.W.2d 49, 57 (Tex.Crim.App.1994).

However, the cases relied on in *Fisher* are the very cases disapproved of in *Malik*. Furthermore, *Rojas* notes:

> And, a variance between the indictment and the evidence at trial may be fatal to a conviction, because Due Process guarantees the defendant notice of the charges against him. *Stevens v. State*, 891 S.W.2d 649, 650 (Tex.Crim.App. 1995); *Ward v. State*, 829 S.W.2d 787, 794 (Tex.Crim.App.1992). However, not every variance between the evidence at trial and the indictment is fatal. Only a material variance is fatal. *Stevens, supra*. A variance between the charging instrument and the proof at trial is material only if it operated to the defendant's surprise or prejudiced his rights. *Id.*; *Human v. State*, 749 S.W.2d 832, 837 (Tex.Crim.App.1988). In this case, however, there was no variance, material or otherwise. The evidence supported the indictment.

*Rojas* can easily be distinguished from the present case. The evidence in *Rojas* supported the indictment. However, the dicta in *Rojas* and *Blanco* appear to be contradictory.

Does the sufficiency review as determined by *Malik* extend to the indictment when the charge uses the identical language as the indictment? Furthermore, in light of *Malik*, what is the effect on the legal sufficiency review of stating the "manner and means" of the offense in an indictment? See and compare *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr.App.1983); *Gollihar v. State*, 991 S.W.2d 303 (Tex. App.—Texarkana 1999, n.p.h.). The "manner and means" *allegata* in an indictment arise out of a due process [3] concern, that is an accused is entitled to fair notice of the charges pending against him. However,

"manner and means" *allegata* are not elements of the offense.

In our case, had the indictment read that appellant had "intentionally and knowingly caused serious bodily injury to [S.L.J.], a child younger than fifteen years of age," then the indictment would have been hypothetically correct in that it alleged a crime under Section 22.04. Had appellant objected to this indictment on the basis of due process for not expressing the "manner and means" of the crime alleged and had the trial court failed to grant such an objection, then on appeal the error would have been a reversal. Yet, a reversal would have resulted in a remand for trial error and not an acquittal under a sufficiency review. And, had appellant not objected, the due process error would have been waived.

Is the failure to prove the "manner and means" *allegata*, "by striking her in the head with his hand," a material variance? In *Alston v. State*, 170 Tex.Crim. 17, 338 S.W.2d 723 (1960), the court found that "with his hands" should be considered as surplusage. However, in *Alston*, a pre-*Cruise* decision, the court found that circumstantially there was "no evidence suggesting that appellant used any instrument other than the hands in making the assault." In *Cruise v. State*, 587 S.W.2d 403, 405 (Tex.Cr.App.1979), the court said:

> It is clear that it was necessary for the State to prove the manner in which appellant caused bodily injury to complainant, in order to meet its burden of proof. While allegation of the manner and means of causing bodily injury under Section 29.02(a)(1) is not a fundamental requisite of charging the offense for purposes of invoking the district court's jurisdiction, [compare *Posey v. State*, 545 S.W.2d 162 (Tex.Cr.App. 1977)], appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to

---

3. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 10.

give him precise notice of the offense with which he was charged.

Finding trial error in *Cruise*, the court remanded the cause.

■ We find that the phrase "with his hand," as pleaded in the indictment and adopted in the jury charge, unnecessarily increased the State's burden of proof. *Malik* specifically states that the sufficiency of the evidence is no longer measured by the jury charge. *Malik v. State, supra* at 239–40. A hypothetically correct jury charge, as defined in *Malik*, would not unnecessarily increase the State's burden of proof, regardless of whether the State included unnecessary allegations in the indictment. A hypothetically correct jury charge would not include the descriptive phrase "with his hand." It appears that *Malik* effectively overrules *Burrell* and its progeny. See contra *Leal v. State*, 975 S.W.2d 636 (Tex.App.—San Antonio 1998, pet'n ref'd). The hypothetically correct jury charge should not include unnecessary allegations, as they are not legally-essential elements of the crime. The standard as devised in *Malik* "ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted."[4] *Malik v. State, supra* at 240. Applying the *Malik* rationale to the indictment, the evidence is legally and factually sufficient to show that appellant committed the crime of injury to a child as measured by a hypothetically correct jury charge. Appellant's eleventh, twelfth, and thirteenth points of error are overruled.

■ In his first and second points of error, appellant argues that the trial court erred in allowing hearsay testimony in violation of TEX. CODE CRIM. PRO. ANN. art. 38.072 (Vernon Pamph. Supp.1999) and that Article 38.072 is unconstitutional

as applied in this case. The hearsay statement came from Lee, the Child Protective Services caseworker. Lee stated that the child told her, "Buddy hit [me] real hard in the head." Article 38.072 creates a statutory exception for hearsay statements of child abuse victims. The language of the statute indicates the testimony is only admissible as a statutory exception to the hearsay rule if certain procedures are followed. We find that the trial court followed these procedures.

Prior to trial, a suppression hearing was held concerning the child's statement. In that hearing, the evidence showed: (1) the child complainant made the statement that appellant had hit her real hard; (2) the child was three years old at the time of the offense; (3) Lee was the first person over the age of 18 to whom the child made the statement about the offense; (4) proper notice was given to appellant; (5) the statement was reliable based on the time, content, and circumstances after the court had heard testimony from several witnesses; and (6) the child testified at the hearing. Appellant's counsel cross-examined the child and never claimed that the child was unable or unavailable to testify.

■ Although the child testified at the hearing, neither side called her to testify during the trial. Appellant argues that the statute is unconstitutional because he was not able to confront the child. In order to preserve this kind of claim on appeal, an accused must lodge a proper and timely objection at trial. *Holland v. State*, 802 S.W.2d 696 (Tex.Cr.App.1991); *Briggs v. State*, 789 S.W.2d 918 (Tex.Cr. App.1990). Appellant must object on the basis of confrontation and/or due process and due course of law. *Holland v. State, supra* at 699–700. Appellant's only objection at trial was a hearsay objection. No error on the basis of violation of confronta-

---

4. Although many have done so, no court has directly addressed the appropriateness of applying the *Malik* standard of legal sufficiency review to a factual sufficiency review as set out in *Clewis*. *Warren v. State*, 971 S.W.2d

656 (Tex.App.—Dallas 1998, no pet'n); *Ramirez v. State*, 967 S.W.2d 919 (Tex.App.—Beaumont 1998, no pet'n). We see no logical reason not to do so.

tion was preserved. TEX.R.APP.P. 33.1(a)(1). Appellant's first and second points of error are overruled.

■ In his third point of error, appellant claims that the trial court erred by failing to instruct the jury to disregard a statement made by Gail McClain after his objection had been sustained by the trial court. The prosecutor asked McClain, the child's grandmother, if she or her husband had ever threatened appellant. McClain stated that her husband had threatened appellant. The prosecutor then had McClain elaborate on the threat:

Q: Do you know why your husband threatened him?

[DEFENSE COUNSEL]: Objection, speculation.

THE COURT: Could you lay a predicate, counsel.

[PROSECUTOR]: My predicate is just this, I'm not asking you to say why, I'm asking you do you know why?

A: Yes, I do.

THE COURT: All right.

[PROSECUTOR]: Would you tell the jury why your husband threatened Mr. Phelps?

A: Well, at one point she [McClain's daughter] ended up with five staples in her head. He strangled her so bad it busted every blood vessel in her eye, left these marks on her throat -

[DEFENSE COUNSEL]: Same objection, You Honor.

THE COURT: Noted.

[PROSECUTOR]: Please continue.

At this point, appellant objected under former TEX.R.CRIM.EVID. 404(b) and requested the court to ask the jury to disregard statements made about appellant's prior conduct. The trial court sustained the objection and did not let McClain testify any further about the assault. However, appellant's request to have the jury disregard her earlier response was overruled.

■ Once a proper and timely objection is made to the trial court, the court should instruct the jury to disregard the statement on the request of counsel. A timely objection requires that the action be taken as soon as the grounds for it become apparent. Rule 33.1(a)(1); *Hollins v. State*, 805 S.W.2d 475 (Tex.Cr.App.1991); *Hernandez v. State*, 808 S.W.2d 536 (Tex. App.—Waco 1991, no pet'n). Appellant made an objection based on speculation, which did not preserve error for appellant's Rule 404(b) objection on appeal. Appellant urged his Rule 404(b) objection after the prosecutor asked the witness another question. Appellant did not make a timely and specific objection. The third point of error is overruled.

In his fourth, fifth, sixth, seventh, eighth, and ninth points of error, appellant complains that the trial court erred by allowing the introduction of extraneous offenses during the guilt/innocence phase of the trial in violation of former TEX. R.CRIM.EVID. 403 and 404(b). Appellant objected to testimony of (1) a prior assault against Lofton, (2) police calls Lofton made, and (3) the report of a robbery that appellant had allegedly committed against Lofton. The trial court overruled appellant's objections.

A trial court has broad discretion in determining the admissibility of evidence. *Allridge v. State*, 850 S.W.2d 471 (Tex.Cr. App.1991). An appellate court should not reverse the trial court's ruling unless a clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Cr. App.1976). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App. 1991).

■ As to the prior assault, appellant waived error. Appellant had previously questioned Lofton about the assault during cross-examination. Appellant waived any possible error concerning the previous assault by first opening the door and going

into the facts while questioning Lofton on cross-examination. *Mulder v. State*, 707 S.W.2d 908, 914 (Tex.Cr.App.1986); *Taylor v. State*, 819 S.W.2d 248 (Tex.App.—Waco 1991, no pet'n).

The trial court did not abuse its discretion in allowing Lofton to testify to the number of phone calls she made to the police concerning appellant's violent conduct. Lofton had testified earlier that her relationship with appellant was "fairly stormy." She also claimed that the two had lots of arguments which resulted in violence. Appellant did not object to this testimony. This evidence is similar to Lofton's testimony that had previously been introduced without objection. An error in admission of evidence is cured when the same evidence comes in elsewhere without objection. *Ethington v. State*, 819 S.W.2d 854 (Tex.Cr.App.1991).

Appellant's Rule 403 objection was insufficient to preserve error. Rule 403 provides five distinct grounds for excluding otherwise relevant evidence. Appellant's objection was too general and forced the trial judge to determine which of the five specific grounds was applicable. It did not give the judge any specific ground on which to rule. TEX.R.APP.P. 33.1(a); *Williams v. State*, 930 S.W.2d 898 (Tex.App.—Houston [1st Dist.] 1996, pet'n ref'd).

Finally, the State argues that appellant opened the door regarding the robbery. We disagree. Appellant recalled Lofton during his case-in-chief. Lofton testified that she did not believe that appellant was capable of causing the injuries to her child. On cross-examination, the prosecutor asked Lofton if she was afraid of appellant. Lofton answered no. The prosecutor then asked Lofton if appellant had ever given her a reason to be afraid of him. Lofton answered no. The State asked Lofton if she had called the police to report a robbery committed by appellant against her. Lofton stated that she did call the police to report the robbery. Ap-

pellant properly preserved his objections to this evidence.

The State cannot claim that Lofton opened the door because the State elicited testimony concerning Lofton's fear of appellant. A party may not impeach a witness on a collateral matter and then contradict the witness' answer. *Drone v. State*, 906 S.W.2d 608, 615 (Tex.App.—Austin 1995, pet'n ref'd). The State bootstrapped its way to Lofton's impeachment by eliciting the offending statement on cross-examination. *Hammett v. State*, 713 S.W.2d 102, 105 n. 4 (Tex.Cr.App.1986). The State does not argue that this testimony meets any exception to Rule 404(b), but only that it is proper impeachment evidence. We hold that the trial court abused its discretion by allowing Lofton to testify about the robbery.

Although the trial court abused its discretion in admitting the extraneous offense, we hold that the error was harmless under TEX.R.APP.P. 44.2(b). Rule 44.2(b) provides that any error, other than a constitutional error, that "does not affect substantial rights must be disregarded." The erroneous admission of an extraneous offense does not constitute constitutional error. *Matthews v. State*, 979 S.W.2d 720 (Tex.App.—Eastland 1998, no pet'n); *George v. State*, 959 S.W.2d 378 (Tex.App.—Beaumont 1998, pet'n ref'd).

The admission of the extraneous offense did not have a substantial and injurious effect on the jury's verdict in this case; consequently, it must be disregarded under Rule 44.2(b). Lofton testified that she called the police to report a robbery, but she did not describe the incident in any detail to the jury. The robbery was not mentioned again during the trial. Moreover, the evidence that appellant caused the injuries to the child was substantial. We overrule appellant's fourth, fifth, sixth, seventh, eighth, and ninth points of error.

In his tenth point of error, appellant complains that the trial court erred in

the charge to the jury at the guilt/innocence phase by failing to properly charge the jury on the extraneous offenses. Appellant requested the court to instruct the jury not to consider evidence of two extraneous offenses: (1) appellant assault of Lofton and (2) appellant's outstanding warrants at the time of his arrest. The trial court's charge instructed the jury that any offenses other than the one alleged in the indictment should not be considered unless proven beyond a reasonable doubt and, even then, should only be considered as evidence of intent or absence of mistake or accident by the defendant in connection with the offense. Appellant claims the omission of his requested charge failed to limit the evidence improperly submitted to the jury.

■■■ Appellant did not request an instruction limiting consideration of the evidence to the purpose for which it was admitted. He requested an exclusion of the entire offense rather than a limiting instruction. By doing so, appellant waived any preservation of error by not properly requesting an instruction at the evidentiary stage. An objection to or request for an instruction in the jury charge is not sufficient to preserve error if no limiting instruction is requested when the evidence is admitted. In the *Matter of A.F.*, 895 S.W.2d 481, 484 (Tex.App.—Austin 1995, no pet'n). Moreover, appellant elicited the fact that he had outstanding warrants on cross-examination, and he waived error as to McClain's testimony about the assault. We overrule appellant's tenth point of error.

The judgment of the trial court is affirmed.