NO. 07-99-0107-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 12, 2002



______________________________




WESLEY C. LUMZY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 98-428725; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Wesley C. Lumzy appeals from his conviction for robbery. He contends
that the evidence is insufficient to sustain the conviction. We affirm. 

BACKGROUND

 On July 27, 1998, appellant and a female companion went to the Just Smokes
cigarette shop in Lubbock. Coby Jones, a store employee, witnessed appellant place a
carton of cigarettes in his jacket without paying for them. Jones told another store
employee, Cody Harrison, what he had witnessed. Harrison walked over to appellant to
investigate Jones's report. When Harrison asked appellant if he had taken a carton of
cigarettes, appellant attempted to leave the store. Harrison positioned himself between
appellant and the front door. Appellant began bumping Harrison and eventually pushed
Harrison against the front door. Appellant then knocked Harrison to the floor. Jones joined
the engagement and attempted to pull appellant away from Harrison, who was still on the
floor. Jones and Harrison testified to the effect that appellant kicked Harrison while
Harrison was trying to prevent appellant's departure. Harrison and Jones eventually
discontinued their attempt to prevent appellant from leaving, and appellant fled. 

 Ross Cooper had given appellant and his companion a ride to the Just Smokes
store in Cooper's car. When appellant came out of the store alone and entered Cooper's
car to leave, Cooper saw a carton of cigarettes under appellant's shirt. Cooper surmised
what had happened and protested to appellant that appellant had to get out of the car. 
After appellant eventually left his car, Cooper returned to the store to report what he
believed to be a crime. He was referred to the police who by then were present at the
scene. 

 As a result of the events, Harrison had what he termed "a bruise . . . on my ribs . .
. ." He also had pain in his arm from a pulled muscle which resulted from his attempt to
keep appellant from leaving the store. Harrison testified that he did not know if he suffered
the bruised ribs when he was knocked to the floor, or when appellant kicked him. 

 Appellant was arrested and indicted for the offense of robbery. See Tex. Pen. Code
Ann. § 29.02 (1) (Vernon 1994). The indictment alleged, in relevant part, as follows:

 [W]ESLEY LUMZY, hereinafter styled the Defendant, heretofore on or about
the 27th day of July, A.D. 1998, did then and there intentionally, knowingly or
recklessly, while in the course of committing theft of property and with intent
to obtain and maintain control of said property, cause bodily injury to JOHN
HARRISON, by knocking the said JOHN HARRISON to the floor. . . .(emphasis added).


The jury charge incorporated the allegations of the indictment. 

 The jury found appellant guilty. The trial court assessed punishment at confinement
for 16 years in the Texas Department of Criminal Justice, Institutional Division.

 By his single issue, appellant contends that the evidence was insufficient to sustain
his conviction for robbery because the State failed to prove that (1) appellant caused bodily
injury to Harrison or (2) Harrison suffered bodily injury by appellant's knocking Harrison to
the floor, as alleged in the indictment. Appellant acknowledges that the Penal Code
definition of "bodily injury," see Penal Code § 1.07, encompasses even relatively minor
physical contacts. See Lane v. State, 763 S.W.2d 785, 786 (Tex.Crim.App. 1989). He
contends, however, that if Harrison suffered injury by trying to prevent appellant from
leaving the store, then the injury would have been caused by Harrison's own conduct, and
not by appellant. He cites no authority for the argument that if Harrison was injured during
his attempt to keep appellant from leaving the store without paying for the cigarettes, then
the injury would not be attributable to appellant's actions "in the course of committing theft." 

 The State contends that all the elements in the indictment were established at trial. 
The State further contends that according to Malik v. State, 953 S.W.2d 234, 239-40
(Tex.Crim.App. 1997), the sufficiency of the evidence is measured against a hypothetically-correct jury charge, and that such a charge would not include the phrase, "by knocking the
said John Harrison to the floor." 

 Although his brief does not specify whether his issue is a legal or factual sufficiency
complaint, appellant's brief cites cases addressing both legal and factual sufficiency. We
will consider appellant's issue as asserting both legal and factual sufficiency challenges. STANDARD OF REVIEW

 When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). Legally sufficient evidence supporting
a conviction exists if the court, after reviewing the evidence in the light most favorable to
the prosecution, determines that a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis, 922 S.W.2d at 133; Geesa v.
State, 820 S.W.2d 154, 156-57 (Tex.Crim.App. 1991). All of the evidence is reviewed, but
evidence that does not support the conviction is disregarded. See, e.g., Chambers v.
State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). We should uphold the jury's verdict
unless it is irrational or unsupported by more than a "mere modicum" of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). If the legal sufficiency challenge is
sustained, then a judgment of acquittal must be rendered. Clewis, 922 S.W.2d at 133.

 If the evidence is legally sufficient to support the verdict, we proceed with a factual
sufficiency review. Clewis, 922 S.W.2d at 133. In our review, we evaluate all the evidence
without employing the prism of "in the light most favorable to the prosecution." Id. at 129. 
We therefore consider all of the evidence, comparing evidence that tends to prove the
existence of disputed facts with evidence that tends to disprove such facts. See Santellan
v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). We should set aside the verdict only
when the factual finding is so against the great weight and preponderance of the evidence
as to be clearly wrong and unjust. Clewis, 922 S.W.2d at 135. In doing so, we must be
mindful that the jury is the sole judge of the weight and credibility of witness testimony. 
Santellan, 939 S.W.2d at 164.

THE INDICTMENT AND THE JURY CHARGE

 A material variance between the allegations in the indictment and the proof at trial
may render the evidence insufficient to sustain a conviction. Stevens v. State, 891 S.W.2d
649, 650 (Tex.Crim.App. 1995). Unnecessary words or allegations in the indictment,
however, may be considered surplusage if they do not describe a legally-essential element
of the crime. See Wray v. State, 711 S.W.2d 631, 633 (Tex.Crim.App. 1986). For
example, in Phelps v. State, 999 S.W.2d 512, 515 (Tex.App.--Eastland 1999 pet. ref'd),
the indictment alleged that the defendant did "intentionally and knowingly cause serious
bodily injury to [the victim], a child younger than fifteen years of age, by striking her in the
head with his hand." The court held that the language "by striking her in the head with his
hand," is not an element of the crime of injury to a child. Id. at 516. The court relied on
Malik and determined that a hypothetically-correct jury charge would not include this
allegation. Id. at 518. 

 We agree with the State that the language "by knocking [Harrison] to the floor" which
was included in appellant's indictment is not an essential element of the offense of robbery. 
See Penal Code § 29.02(a); Phelps, 999 S.W.2d at 518. Thus, a hypothetically-correct
jury charge would not include the allegation, "by knocking [Harrison] to the floor." See
Malik, 953 S.W.2d at 239-40. Our analysis, therefore, is measured by the indictment and
jury charge without such allegation. See Gollihar v. State, 46 S.W.3d 243, 255-56
(Tex.Crim.App. 2001). 

ANALYSIS

 In Lane, the defendant was charged with robbery. The evidence showed that as the
defendant attempted to take the victim's billfold, the defendant and victim both had hold
of the victim's billfold and struggled over it. The struggle resulted in bruising to the victim's
wrist, although the defendant did not actually touch her wrist. See Lane, 763 S.W.2d at
786. The Court of Appeals determined the evidence that the defendant intentionally and
knowingly caused bodily injury to have been legally insufficient. See Lane v. State, 713
S.W.2d 223, 224 (Tex.App.--Fort Worth 1986). The Court of Criminal Appeals, however,
held that the victim's bruise was "bodily injury" inflicted by the defendant for the purpose
of overcoming resistance to theft, and reversed the Court of Appeals' decision that the
evidence was legally insufficient. See Lane, 763 S.W.2d at 787, 788. 

 Evidence before the jury in this case showed that Harrison was resisting appellant's
theft of cigarettes and that appellant's actions in bumping Harrison, knocking Harrison
down, and kicking Harrison were for the purpose of overcoming that resistance. Harrison
testified that he was bruised by appellant's actions, although he could not say exactly when
the bruise occurred. But, the State was not required to prove that the bruise was caused
when appellant knocked Harrison down; only that the bruise was caused during the course
of the theft, or by overcoming resistance to the theft. See Malik, 953 S.W.2d at 239-40;
Lane, 763 S.W.2d at 787; Phelps, 999 S.W.2d at 518. When viewed in the light most
favorable to the prosecution, the evidence is sufficient for a rational trier of fact to have
found beyond a reasonable doubt that Harrison was injured during the course of
appellant's theft of the cigarettes. See Jackson, 443 U.S. at 318-19; Geesa, 820 S.W.2d
at 156-57. Thus, the evidence was legally sufficient to support the jury's verdict.

 As to the factual sufficiency of the evidence, appellant asserts that Harrison was in
the best position to testify how he received the bruise, but that his testimony was not
conclusive in establishing how the bruise occurred. It was within the province of the jury
to consider the demeanor and credibility of the witnesses in weighing any conflicting
evidence. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). Appellant
contends that Harrison was unable to testify whether he received the mark when he fell to
the floor or during the struggle after he had already fallen. The jury was free to consider
the evidence discussed above and determine from the surrounding circumstances that
Harrison received the bruise during his resistance to the theft. The verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
See Clewis, 922 S.W.2d at 135. Accordingly, the evidence is factually sufficient to support
the jury's verdict. 

 Appellant's sole issue is overruled. Having overruled appellant's only issue, we
affirm the judgment of the trial court. 


 Phil Johnson

 Justice



Do not publish. 


 

 

 

 
1. Section 29.02 provides, in part:

 (a) A person commits an offense if, in the course of committing theft as
defined in Chapter 31 and with intent to obtain or maintain control of the
property, he:


 (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

 (2) intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.


 Further reference to a provision of the Penal Code will be by reference to "Penal
Code § _."