NO. 07-99-0107-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 12, 2002

_____

WESLEY C. LUMZY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428725; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Wesley C. Lumzy appeals from his conviction for robbery. He contends that the evidence is insufficient to sustain the conviction. We affirm.

BACKGROUND

On July 27, 1998, appellant and a female companion went to the Just Smokes cigarette shop in Lubbock. Coby Jones, a store employee, witnessed appellant place a carton of cigarettes in his jacket without paying for them. Jones told another store

employee, Cody Harrison, what he had witnessed. Harrison walked over to appellant to investigate Jones's report. When Harrison asked appellant if he had taken a carton of cigarettes, appellant attempted to leave the store. Harrison positioned himself between appellant and the front door. Appellant began bumping Harrison and eventually pushed Harrison against the front door. Appellant then knocked Harrison to the floor. Jones joined the engagement and attempted to pull appellant away from Harrison, who was still on the floor. Jones and Harrison testified to the effect that appellant kicked Harrison while Harrison was trying to prevent appellant's departure. Harrison and Jones eventually discontinued their attempt to prevent appellant from leaving, and appellant fled.

Ross Cooper had given appellant and his companion a ride to the Just Smokes store in Cooper's car. When appellant came out of the store alone and entered Cooper's car to leave, Cooper saw a carton of cigarettes under appellant's shirt. Cooper surmised what had happened and protested to appellant that appellant had to get out of the car. After appellant eventually left his car, Cooper returned to the store to report what he believed to be a crime. He was referred to the police who by then were present at the scene.

As a result of the events, Harrison had what he termed "a bruise . . . on my ribs . . . ." He also had pain in his arm from a pulled muscle which resulted from his attempt to keep appellant from leaving the store. Harrison testified that he did not know if he suffered the bruised ribs when he was knocked to the floor, or when appellant kicked him.

2

Appellant was arrested and indicted for the offense of robbery. See TEX. PEN. CODE ANN. § 29.02[1] (Vernon 1994). The indictment alleged, in relevant part, as follows:

> [W]ESLEY LUMZY, hereinafter styled the Defendant, heretofore on or about the 27th day of July, A.D. 1998, did then and there intentionally, knowingly or recklessly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, cause bodily injury to JOHN HARRISON, *by knocking the said JOHN HARRISON to the floor. . . .* (emphasis added).

The jury charge incorporated the allegations of the indictment.

The jury found appellant guilty. The trial court assessed punishment at confinement for 16 years in the Texas Department of Criminal Justice, Institutional Division.

By his single issue, appellant contends that the evidence was insufficient to sustain his conviction for robbery because the State failed to prove that (1) appellant caused bodily injury to Harrison or (2) Harrison suffered bodily injury by appellant's knocking Harrison to the floor, as alleged in the indictment. Appellant acknowledges that the Penal Code definition of "bodily injury," see Penal Code § 1.07, encompasses even relatively minor physical contacts. See Lane v. State, 763 S.W.2d 785, 786 (Tex.Crim.App. 1989). He

---

[1]Section 29.02 provides, in part:
(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or
(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Further reference to a provision of the Penal Code will be by reference to "Penal Code § _."

contends, however, that if Harrison suffered injury by trying to prevent appellant from leaving the store, then the injury would have been caused by Harrison's own conduct, and not by appellant. He cites no authority for the argument that if Harrison was injured during his attempt to keep appellant from leaving the store without paying for the cigarettes, then the injury would not be attributable to appellant's actions "in the course of committing theft."

The State contends that all the elements in the indictment were established at trial. The State further contends that according to Malik v. State, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997), the sufficiency of the evidence is measured against a hypothetically-correct jury charge, and that such a charge would not include the phrase, "by knocking the said John Harrison to the floor."

Although his brief does not specify whether his issue is a legal or factual sufficiency complaint, appellant's brief cites cases addressing both legal and factual sufficiency. We will consider appellant's issue as asserting both legal and factual sufficiency challenges.

STANDARD OF REVIEW

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). Legally sufficient evidence supporting a conviction exists if the court, after reviewing the evidence in the light most favorable to the prosecution, determines that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis, 922 S.W.2d at 133; Geesa v.

4

State, 820 S.W.2d 154, 156-57 (Tex.Crim.App. 1991). All of the evidence is reviewed, but evidence that does not support the conviction is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). We should uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). If the legal sufficiency challenge is sustained, then a judgment of acquittal must be rendered. Clewis, 922 S.W.2d at 133.

If the evidence is legally sufficient to support the verdict, we proceed with a factual sufficiency review. Clewis, 922 S.W.2d at 133. In our review, we evaluate all the evidence without employing the prism of "in the light most favorable to the prosecution." Id. at 129. We therefore consider all of the evidence, comparing evidence that tends to prove the existence of disputed facts with evidence that tends to disprove such facts. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). We should set aside the verdict only when the factual finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Clewis, 922 S.W.2d at 135. In doing so, we must be mindful that the jury is the sole judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164.

THE INDICTMENT AND THE JURY CHARGE

A material variance between the allegations in the indictment and the proof at trial may render the evidence insufficient to sustain a conviction. Stevens v. State, 891 S.W.2d 649, 650 (Tex.Crim.App. 1995). Unnecessary words or allegations in the indictment, however, may be considered surplusage if they do not describe a legally-essential element

of the crime.  See Wray v. State, 711 S.W.2d 631, 633 (Tex.Crim.App. 1986).  For example, in Phelps v. State, 999 S.W.2d 512, 515 (Tex.App.--Eastland 1999 pet. ref'd), the indictment alleged that the defendant did "intentionally and knowingly cause serious bodily injury to [the victim], a child younger than fifteen years of age, by striking her in the head with his hand."  The court held that the language "by striking her in the head with his hand," is not an element of the crime of injury to a child.  Id. at 516.  The court relied on Malik and determined that a hypothetically-correct jury charge would not include this allegation.  Id. at 518.

We agree with the State that the language "by knocking [Harrison] to the floor" which was included in appellant's indictment is not an essential element of the offense of robbery.  See Penal Code § 29.02(a); Phelps, 999 S.W.2d at 518.  Thus, a hypothetically-correct jury charge would not include the allegation, "by knocking [Harrison] to the floor."  See Malik, 953 S.W.2d at 239-40.  Our analysis, therefore, is measured by the indictment and jury charge without such allegation.  See Gollihar v. State, 46 S.W.3d 243, 255-56 (Tex.Crim.App. 2001).

ANALYSIS

In Lane, the defendant was charged with robbery.  The evidence showed that as the defendant attempted to take the victim's billfold, the defendant and victim both had hold of the victim's billfold and struggled over it.  The struggle resulted in bruising to the victim's wrist, although the defendant did not actually touch her wrist.  See Lane, 763 S.W.2d at 786.  The Court of Appeals determined the evidence that the defendant intentionally and

6

knowingly caused bodily injury to have been legally insufficient.  See Lane v. State, 713 S.W.2d 223, 224 (Tex.App.--Fort Worth 1986).  The Court of Criminal Appeals, however, held that the victim's bruise was "bodily injury" inflicted by the defendant for the purpose of overcoming resistance to theft, and reversed the Court of Appeals' decision that the evidence was legally insufficient.  See Lane, 763 S.W.2d at 787, 788.

Evidence before the jury in this case showed that Harrison was resisting appellant's theft of cigarettes and that appellant's actions in bumping Harrison, knocking Harrison down, and kicking Harrison were for the purpose of overcoming that resistance.  Harrison testified that he was bruised by appellant's actions, although he could not say exactly when the bruise occurred.  But, the State was not required to prove that the bruise was caused when appellant knocked Harrison down; only that the bruise was caused during the course of the theft, or by overcoming resistance to the theft.  See Malik, 953 S.W.2d at 239-40; Lane, 763 S.W.2d at 787; Phelps, 999 S.W.2d at 518.  When viewed in the light most favorable to the prosecution, the evidence is sufficient for a rational trier of fact to have found beyond a reasonable doubt that Harrison was injured during the course of appellant's theft of the cigarettes.  See Jackson, 443 U.S. at 318-19; Geesa, 820 S.W.2d at 156-57.  Thus, the evidence was legally sufficient to support the jury's verdict.

As to the factual sufficiency of the evidence, appellant asserts that Harrison was in the best position to testify how he received the bruise, but that his testimony was not conclusive in establishing how the bruise occurred.  It was within the province of the jury to consider the demeanor and credibility of the witnesses in weighing any conflicting evidence.  See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997).  Appellant

7

contends that Harrison was unable to testify whether he received the mark when he fell to the floor or during the struggle after he had already fallen. The jury was free to consider the evidence discussed above and determine from the surrounding circumstances that Harrison received the bruise during his resistance to the theft. The verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis, 922 S.W.2d at 135. Accordingly, the evidence is factually sufficient to support the jury's verdict.

Appellant's sole issue is overruled. Having overruled appellant's only issue, we affirm the judgment of the trial court.

Phil Johnson
Justice

Do not publish.