COURT OF APPEALS









 

 

COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOSE BOTELLO,                                                 )

                                                                              )              
No.  08-04-00127-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )           
County Court At Law #4

THE STATE OF TEXAS,                                     )

                                                                              )          
of El Paso County, Texas

Appellee.                           )

                                                                              )             
(TC# 20040C02664)

                                                                              )

 

 

O
P I N I O N

 

Jose Botello,
appeals from his conviction for misdemeanor assault.  A jury found him guilty, and the trial judge
assessed a punishment of 365 days=
confinement, probated to 18 months community supervision, and a $200 fine.  On appeal, he raises two issues.  In Issue One, he challenges the legal
sufficiency of the evidence to support his conviction.  In Issue Two, he challenges the factual
sufficiency of the evidence.  We will
affirm.








The Appellant and
Ms. Cecilia Botello have been married for about twenty-three years and have
four children.  On February 17, 2004, Ms.
Botello arrived home between 6 p.m. and 7 p.m.  Appellant was in their bedroom, and since
they had been having problems, she decided to go to her daughter=s room. 
Ms. Botello was falling asleep when Appellant went into the daughter=s bedroom and asked her why she had not
gone into their bedroom.  Ms. Botello
responded by telling the Appellant that she did not want to argue and that she
just wanted to be by herself.  Appellant
left the room and returned shortly.  Ms.
Botello was on the telephone and Appellant started threatening her and asking
her why was she on the telephone.  Ms.
Botello  hung up the phone and they
started to argue; she described the argument as a Astrong
argument.@  She tried to leave the bedroom, and as she
went through the doorway, Appellant pushed her from behind and her face hit the
door frame.  Ms. Botello first went into
the living room, then she tried to go back into her daughter=s bedroom and Appellant pushed her
again causing her to hit the back of her head against the door.

After this, Ms.
Botello left the house and went to the police station.  El Paso Police Officer Robert Hernandez
observed two bumps on Ms. Botello=s
forehead; one on the left side and one on the right side.  Officer Hernandez took photographs of the two
injuries.  The two photographs depicting
these injuries were submitted as State=s
Exhibits 1 and 2.  Officer Hernandez
later observed a third bump on the back of Ms. Botello=s
head, but did not take a photograph of this injury.

Police Officers
Francisco Zubia and Jeff Wall then followed Ms. Botello back to her house.  Ms. Botello let them inside the house.  The Appellant was in the house and denied the
incident happened, but did not provide any explanation as to what did happen
that evening.  Officer Zubia and Officer
Wall testified that they did not notice any injuries on Appellant=s body. 
Ms. Botello walked Officer Zubia through the house explaining what
happened.  Officer Zubia noticed pieces
of shattered glass, either from a dish or cup, in the kitchen sink and on the
kitchen floor.  Appellant was placed
under arrest and escorted to the police station.








Appellant was
charged by information with Aintentionally,
knowingly, and recklessly causing bodily injury to Cecilia Botello by striking
the head of Cecilia Botello against a door frame.@  A jury trial was held and Appellant was found
guilty.  The trial court sentenced the
Appellant to a probated sentence of eighteen months of community supervision.

In Issue One,
Appellant challenges the legal sufficiency of the evidence, specifically
arguing that the State failed to prove that Appellant caused bodily injury by
striking the head of complainant against a door frame.  In Issue Two, Appellant challenges the factual
sufficiency of the evidence.  Appellant
contends that Athe
evidence was factually insufficient to support the judgment or sentence, based
upon the greater weight of the credible evidence by the defense that the complainant
fabricated her complaint and self-inflicted her injuries because she was angry
with Appellant.@  Appellant further argues that his Aconviction was manifestly unjust based
upon the complainant=s
incredulous testimony, and based upon the greater weight of the credible
evidence by the defense that the complainant fabricated her complaint and
self-inflicted her injuries because she was angry with Appellant.@

Under Tex.Pen.Code Ann. ' 22.01 (a)(1)(Vernon Supp. 2004-05), a
person commits an offense of assault if the person Aintentionally,
knowingly, or recklessly causes bodily injury to another, including the person=s spouse . . . .@  The Appellant=s
information read in relevant part as follows:

[D]id then and there intentionally,
knowingly, and recklessly caused bodily injury to Cecilia Botello by striking
the head of Cecilia Botello against a door frame . . . .  

Appellant=s
jury charge stated:

 








Now, if you find from
the evidence beyond a reasonable doubt that on or about February 17, 2004, in
El Paso County, Texas, the defendant, JOSE BOTELLO, did intentionally,
knowingly or recklessly cause bodily injury to CECILIA BOTELLO by striking the
head of CECILIA BOTELLO against a door frame, then you will find the defendant >GUILTY.=

 

The Appellant
argues that there was a fatal variance between the jury charge and the evidence
presented at trial.  As we understand,
Appellant argues that the evidence is insufficient because there is a variance
between the manner and means the State alleged was used (striking the head of
the complainant against a door frame) and the actual manner and means used
(pushing complainant).  Appellant asserts
that a Apush@ is not tantamount to a Astrike.@  Citing to Phelps v. State, 999 S.W.2d
512, 515 (Tex.App.--Eastland 1999, pet. ref=d),
the State contends that the language Aby
striking the head of Cecilia Botello against the door frame@ is surplusage and not an essential
element of the offense.  Therefore, it
would not be included in a hypothetically correct jury charge on a misdemeanor
assault.

In Phelps,
the indictment alleged that the defendant did A>intentionally and knowingly cause
serious bodily injury to [the victim], a child younger than fifteen years of
age, by striking her in the head with his hand.=@ 
Phelps, 999 S.W.2d at 515. 
The Court held that the language, Aby
striking her in the head with his hand,@
is not an element of the crime of injury to a child.  Id. at 516.  Additionally, citing Gollihar v. State,
46 S.W.3d 243, 257 (Tex.Crim.App. 2001), the State argues that only a material
variance will render the evidence insufficient.








The Court of
Criminal Appeals held in Malik v. State, 953 S.W.2d 234, 240
(Tex.Crim.App. 1997), that the sufficiency of the evidence should be measured
by the elements of the offense as defined by the hypothetical correct jury
charge for the case.  The Court broadened
the ramifications of Malik by holding that for the purposes of a
sufficiency of the evidence review, a hypothetically correct charge need not
incorporate allegations that give rise to immaterial variances.  Gollihar, 46 S.W.3d at 256.  In Gollihar, the Court states:

A variance between the wording of an
indictment and the evidence presented at trial is fatal only if >it is material and prejudices [the
defendant=s]
substantial rights.=  When reviewing such a variance, we must
determine whether the indictment, as written, informed the defendant of the
charge against him sufficiently to allow him to prepare an adequate defense at
trial, and whether prosecution under the deficiently drafter indictment would
subject the defendant to the risk of being prosecuted later for the same crime.

 

Gollihar, 46 S.W.2d at 257, quoting
United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000).  An immaterial variance will be discharged in
a review of the sufficiency of the evidence. 
Gollihar, 46 S.W.3d at 258. 
In this case, the variance was not material because the complained of
language was not an element of assault.

We agree with the
State that the language Aby
striking the head of [the complainant] against 
a door frame,@
which was included in Appellant=s
information and jury charge is not an essential element of the offense of
assault.  See Tex.Pen.Code Ann. ' 22.01(a)(1); Phelps, 999 S.W.2d
at 518.  A hypothetically correct jury
charge would not include the allegation, Aby
striking the head of the complainant against a door frame.@ 
See Malik, 953 S.W.2d at 239-40. 
Our sufficiency analysis is therefore measured by the information and
jury charge without such allegation.  See
Gollihar, 46 S.W.3d at 255-56.

Standard
of Review








In reviewing the
legal sufficiency of the evidence, we must review the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979).  Our duty is not to reexamine the evidence and
impose our own judgment as to whether the evidence established guilt beyond a
reasonable doubt.  See Lyon v. State,
885 S.W.2d 506, 516-17 (Tex.App.--El Paso 1994, pet. ref=d).  Instead, our duty is to determine whether if
both the explicit and implicit findings of the trier of fact are rational by
viewing all of the evidence admitted at trial in the light most favorable to
the verdict.  Adelman v. State,
828 S.W.2d 418, 421-22 (Tex.Crim.App. 1992). 
The jurors are empowered to Adraw
reasonable inferences from basic facts to ultimate facts.@ 
Garay v. State, 954 S.W.2d 59, 66 (Tex.App.--San Antonio 1997,
pef. ref=d), citing
Kapuscinski v. State, 878 S.W.2d 248, 249 (Tex.App.--San Antonio 1994, pet.
ref=d ). 
Any inconsistencies in the evidence are resolved in favor of the
verdict.  See Matson v. State, 819
S.W.2d 839, 843 (Tex.Crim.App. 1991).

In reviewing a
factual sufficiency of the evidence challenge, we consider all of the evidence
in a neutral light, both for and against the verdict, to determine whether it
demonstrates that the proof of guilt is so obviously weak as to undermine our
confidence in the jury=s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000); Clewis v. State, 922
S.W.2d 126, 134 (Tex.Crim.App. 1996).  In
conducting a factual sufficiency review, we cannot substitute our conclusions
for those of the jury.  See Davila v.
State, 930 S.W.2d 641, 647 (Tex.App.--El Paso 1996, pet. ref=d). 
Our review must employ appropriate deference and should not intrude upon
the fact finder=s role as
the sole judge of the weight and credibility given to any evidence presented at
trial.  Johnson, 23 S.W.3d at 7; Clewis,
922 S.W.2d at 134.  A jury=s verdict is not manifestly unjust
merely because the fact finder resolved conflicting views of the evidence in
favor of the State.  Cain v. State,
958 S.W.2d 404, 410 (Tex.Crim.App. 1997).








Reviewing the
evidence in the light most favorable to the verdict and measuring the legal
sufficiency of the evidence by the elements of assault as defined by a
hypothetically correct jury charge, we find that the fact finder could have
found beyond a reasonable doubt that the Appellant intentionally, knowingly,
and recklessly caused bodily injury to Ms. Botello.  See Tex.Pen.Code
Ann. '
22.01(a)(1); Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89; Malik,
953 S.W.2d at 240.

Ms. Botello
testified as to two separate instances where the Appellant inflicted injury on
her body.  Ms. Botello testified that as
she was trying to leave the bedroom, Appellant pushed her from behind causing
her to hit her head on the doorway. 
Later, Appellant pushed her again causing Ms. Botello to hit the back of
her head against the door.  Officers
Hernandez, Zubia, and Wall all testified that they observed the bruising on Ms.
Botello=s
head.  Officer Hernandez testified that
he saw a third bump on the back of Ms. Botello=s
head.  The State introduced the
photographs depicting Ms. Botello=s
head injuries at the trial.

Officer Hernandez
testified that when Ms. Botello walked into the police station, she appeared
withdrawn; he found it difficult to engage her in conversation and all the
while, she kept her head down, was real soft spoken, appeared to be afraid, and
at times, was crying.  In his opinion,
she appeared to be affected by the events that had just occurred.  Office Zubia also testified that Ms. Botello
kept her head down and was very quiet; she did not make any eye contact with
him, she appeared to be scared, and it seemed as if she had been crying.  The jury could have inferred from this
behavior that Ms. Botello had just been assaulted by her husband.








Furthermore,
Appellant=s
behavior when the police officers arrived at the Botello=s
residence was described as Aa
little fast paced@ when he
questioned the officer=s
presence.  Appellant also became irate
when he was told about Ms. Botello=s
allegations.  Again, the jury was free to
infer from this behavior that Appellant had just assaulted Ms. Botello.

During the trial,
Ms. Botello testified that she and her husband attend counseling.  Her counselor, Ms. Gloria Lee, testified that
after the incident, during an individual session, Ms. Botello had not
indicated that Appellant had hit her against the door frame nor that he had hit
her at all.  Instead, Ms. Botello had
told her that she had hit herself against the door frame of the bedroom.  Ms. Botello reported to the police that
Appellant had hit her because she wanted Appellant to know that she was not
going to tolerate any abuse.  Ms. Botello
stated this during an individual session and then at a later session in front
of the Appellant.  Appellant likewise
indicated to Ms. Lee that he did not hit Ms. Botello.  Appellant did admit that they had been
arguing, during which Ms. Botello threw a telephone at him and he threw a
stuffed animal at her.  The injuries Ms.
Botello sustained, were due to her banging her head against the door frame on
her own.  However, by the time Ms. Lee
had any sessions with Ms. Botello and the Appellant, Ms. Botello no longer had
any visible injuries.  Ms. Lee testified
that she did not know how severe Ms. Botello=s
injuries were because she never saw any injuries.

Ms. Botello denied
having told Ms. Lee that she made up the events that occurred on February
17.  She testified that she did not
indicate to Ms. Lee that the assault did not occur.  Ms. Botello did however, sign a
nonprosecution statement on March 22. 
Indicating that they would be getting a divorce, Ms. Botello testified
that she and her husband had made an agreement where if she withdrew the
charges, he would not fight for custody of the children or for the house.  However, this agreement was not yet in
writing.








Given such
testimony, we assume that the trial court resolved conflicts, including conflicting
inferences, in favor of the verdict.  Matchett
v. State, 941 S.W.2d 922, 936 (Tex.Crim.App. 1996).  In conducting our legal sufficiency review,
we defer to that resolution and also resolve any inconsistencies in favor of
the verdict.  See Matchett, 941
S.W.2d 936; Matson, 819 S.W.2d at 843. 
Viewing the evidence in the light most favorably to the verdict, we find
that the evidence was legally sufficient to sustain the conviction for the
offense of assault.  We overrule Issue
One.

As was stated
above, Ms. Lee provided contradicting testimony regarding Appellant assaulting
Ms. Botello.  Ms. Botello also testified
that she and the Appellant attended counseling with Ms. Lee, and stated that
she never told Ms. Lee that she had made up the events of February 17.  She further stated that she did not give Ms.
Lee any indication that the assault did not occur.

On
cross-examination, Ms. Botello was asked why the pictures of her injuries
showed a bump on the left side of her forehead, when she testified that she hit
her right side.  Ms. Botello responded by
stating that while she was testifying, she could not distinguish between the
two sides.  She also indicated that the
events occurred very fast.

We give due
deference to the fact finder=s
determinations since the fact finder is the judge of the credibility of the
witnesses, and may Abelieve
all, some, or none of the testimony.@  Chambers v. State, 805 S.W.2d 459,
461(Tex.Crim.App. 1991).  The jury
obviously found Ms. Botello to be a credible witness and believed her
testimony regarding the assault.  Having
reviewed the entire record, we find that the evidence is not so obviously weak
as to undermine the jury=s
determination, nor is the proof of guilt, taken alone, greatly outweighed by
contrary proof.  See Johnson, 23
S.W.3d 9; Clewis, 922 S.W.2d at 134. 
We therefore overrule Issue Two.

 








We affirm the
trial court=s
judgment.  

 

August
25, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)