COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| EDMUND THOMAS, | § | No. 08-08-00185-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court at Law No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20070C09623) |
| | § | |

**O P I N I O N**

Edmund Thomas, Appellant, was found guilty of assault against his spouse and sentenced to one year in jail, probated for fifteen months. On appeal, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction. We affirm.

**BACKGROUND**

On May 30, 2007, Denise and her parents – Guadalupe and Appellant – were arguing in the living room over whether they could use her new car to travel to Arizona for a funeral. After thirty minutes of constant yelling, Denise took her three-year-old son with her to the bedroom as "things were getting . . . worse." Clarissa, Denise's sister, believed that Guadalupe was mad and scared based on her tone of voice. During the argument, Appellant pushed Guadalupe, and she told him not to do so. From her bedroom, Clarissa heard a "thump." Denise also heard a noise, and Denise went into the kitchen to call 911. Guadalupe ended her call, but Denise was able to call a second time.

Officer Daisy Collins was dispatched to the residence. When she met with Guadalupe,

1

Collins noticed that Guadalupe was "very panicked and afraid." Her eyes were wide open, she was shaking, and she spoke in a hushed manner. Guadalupe told Collins that Appellant was very upset and had been drinking. She recounted her argument with him and that he pushed her back with open hands "in a slapping manner," causing her to stumble. Guadalupe further told Collins that Appellant did the same thing again immediately after the first push by slapping her back with two hands. Collins noted redness on Guadalupe's back, just above her bra line, from where Appellant pushed her.

**ANALYSIS**

In two issues, Appellant attacks the sufficiency of the evidence showing he intentionally, knowingly, or recklessly caused bodily injury to Guadalupe. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2009) (elements of assault require State to prove suspect intentionally, knowingly, or recklessly caused bodily injury to another, including his spouse). Analysis of the legal sufficiency of the evidence to support a conviction requires us to review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). During our review, we remain mindful that jurors may draw reasonable inferences from basic to ultimate facts and that any inconsistencies are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); *Garay v. State*, 954 S.W.2d 59, 66 (Tex. App.–San Antonio 1997, pef. ref'd).

In analyzing the factual sufficiency of the evidence, we consider all of the evidence in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). Evidence is factually insufficient if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly

wrong and manifestly unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. *Id.* In reviewing the evidence, we cannot substitute our conclusions for those of the jury; rather, we give due deference the jury's role as the sole judge of the weight and credibility given to any evidence presented at trial. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Davila v. State*, 930 S.W.2d 641, 647 (Tex. App.–El Paso 1996, pet. ref'd). The jury's verdict is not manifestly unjust merely because it resolved conflicting views of the evidence in favor of the State. *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).

Appellant limits his sufficiency challenges to the bodily-injury element. He focuses on the variance between the manner and means alleged (striking the victim about the body with his hand) and the actual manner and means used (pushing the victim) in arguing the evidence is insufficient to support his conviction. The State responds that the manner and means was not an essential element of the offense and would therefore not be included in a hypothetically correct jury charge on assault, making the "push" evidence sufficient to support the conviction. We agree with the State.

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001); *Malik*, 953 S.W.2d at 240. As applicable to the offense of assault causing bodily injury to a spouse, the hypothetically correct jury charge would ask whether Appellant intentionally, knowingly, or recklessly caused bodily injury to his spouse, Guadalupe. *See* TEX. PENAL CODE ANN.

§ 22.01(a)(1); *Jackson*, 443 U.S. at 318-19; *Malik*, 953 S.W.2d at 240. The manner and means of the bodily injury alleged is not an essential element of the offense and therefore is not included within the hypothetically correct jury charge. *See, e.g., Phelps v. State*, 999 S.W.2d 512, 515 (Tex. App.–Eastland 1999, pet. ref'd) (manner and means alleged (striking the head of the victim with his hand), although State did not present any evidence that defendant used his hands, was immaterial since the manner and means was not included in the hypothetically correct jury charge); *Jones v. State*, No. 05-05-01633-CR, 2006 WL 3095535, at *3 (Tex. App.–Dallas Nov. 2, 2006, no pet.) (op., not designated for publication) (measured against hypothetically correct jury charge, State not required to prove manner and means in retaliation case that alleged defendant stated "'that bald headed white boy with the tattoo on his forearm his ass is X'd out,'" when the evidence at trial, however, was that defendant said "that bald headed mother fucker with the tattoos on his arm, his ass is X'd out"); *Botello v. State*, No. 08-04-00127-CR, 2005 WL 2044667, at *2-3 (Tex. App.–El Paso Aug. 25, 2005, pet. ref'd) (op., not designated for publication) (variance between the manner and means alleged (striking the head of the complainant against a door frame) and the actual manner and means used (pushing complainant) immaterial since the manner and means was not included in the hypothetically correct jury charge).

Accordingly, after reviewing the record under the hypothetically correct jury charge, we find the evidence legally and factually sufficient to sustain Appellant's conviction. The State presented evidence that Appellant, a much taller and stronger person than Guadalupe, pushed her with his hands, during a heated argument, causing her to stumble. Despite Guadalupe's protest to being pushed, Appellant pushed her again. The push was audible enough for Clarissa to hear a thump from another room and for Denise to hear an uncharacteristic noise and call 911. Further, Guadalupe felt

4

pain from the push and Collins noted redness on her back from where Appellant pushed her. Appellant presented no contrary evidence. Based on a review of all the evidence in the record, the jury could have reasonably concluded that Appellant intentionally, knowingly, or recklessly caused bodily injury to his spouse, Guadalupe. Therefore, the evidence was legally and factually sufficient to support his conviction, and Appellant's two issues are overruled. *See Jackson*, 443 U.S. at 318-19 (legal-sufficiency standard); *Roberts*, 220 S.W.3d at 524 (factual-sufficiency standard).

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

December 9, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

5