

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00431-CR

MICHAEL ERIC FRITZCHING                                        APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Michael Eric Fritzching appeals his conviction for misdemeanor assault of a family member. He contends in one point that the evidence is insufficient to support his conviction for assault because the indictment and jury charge alleged that Appellant struck his ex-girlfriend with his "hands" but that the prosecution proved at trial that he struck her with his "fist." We affirm.

----

[1]See Tex. R. App. P. 47.4.

## II.  Factual Background

Appellant moved in with Caitlin Ramsey shortly after they began dating in the summer of 2007.  In February 2009, he and Ramsey ended their relationship and Appellant moved out of their apartment.  A month or so later, as Appellant's birthday approached, Ramsey called Appellant, asking him to stop by the apartment to pick up the present that Ramsey had purchased for him.

On April 4, 2009, Ramsey had some friends over to her apartment to "hang out."  After walking to a liquor store with her friends to buy whiskey, Ramsey consumed two or three drinks and smoked some marijuana.  Later, Appellant called Ramsey and asked her if he could stop by the apartment to pick up the gift.  Ramsey agreed to meet him in the parking lot behind her apartment.  After Appellant arrived, Ramsey also agreed to go for a ride in Appellant's car so that they could smoke marijuana together.  During this drive, Ramsey told Appellant that she was still in love with him.  Appellant replied that he was in love with someone else, and Ramsey asked him to take her home.

After they arrived back at the apartment parking lot, Appellant noticed that someone had moved into one of Ramsey's spare bedrooms.  Appellant became upset after finding out that Ramsey's friend Tyler was the new roommate because Tyler had a reputation as a "ladies' man."  Appellant asked Ramsey to get out of the vehicle, but Ramsey stayed inside and continued to talk to him.  Appellant then got out of the vehicle, walked around to the passenger side, and hit Ramsey in the face with his fist.

Ramsey's friends later found her unconscious at the bottom of the stairs. They carried her inside the apartment and to the bathroom, where she vomited profusely. Ramsey's friends then put her in bed, and she slept until she woke up to her friends panicking at the sight of her bloody and swollen face. Her friends then persuaded her to go to the hospital.

Dr. Brenda Lobley examined Ramsey and, after reviewing the CAT scan she ordered of Ramsey's neck and head, discovered that Ramsey had sustained an orbital fracture (i.e., a facial fracture around the eye). Dr. Lobley further determined that Ramsey suffered a laceration and extensive bruising to her face, a shoulder injury, and a concussion. Dr. Lobley likened Ramsey's injuries to the blunt force injuries experienced by those involved in car accidents. Dr. Lobley sutured Ramsey's facial lacerations and prescribed medications.

Appellant was indicted for the misdemeanor offense of assault, and the indictment alleged that Appellant did "intentionally or knowingly cause bodily injury to Caitlin Ramsey, a person with whom the defendant has or has had a dating relationship that is a continuing relationship of a romantic or intimate nature, by hitting her with his hands . . . ." Appellant pleaded not guilty. At trial, Ramsey testified that Appellant struck her in the face with his fist. The jury charge, as submitted to the jury, alleged that Appellant "did . . . intentionally or knowingly cause bodily injury to Caitlin Ramsey, a person whose relationship is or association with the defendant has or has been a continuing dating relationship of a romantic or intimate nature, by striking her with his hands . . . ."

3

At the request of the defense, the judge amended the jury charge to read "hands" instead of "hand." The jury found Appellant guilty, and the trial court sentenced Appellant to 180 days in jail, a $500 fine, and two years' community supervision.

### III. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We

4

must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Byrd*, 336 S.W.3d at 246; *Malik*, 953 S.W.2d at 240. Measuring the sufficiency of the evidence against the hypothetically correct jury charge ensures that a defendant will be acquitted when the State actually fails to meet its burden of proof rather than when the State includes a simple error in the indictment or jury charge. *Malik*, 953 S.W.2d at 240. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000).

**IV. Analysis**

Appellant argues in his sole point that the evidence is insufficient to sustain his conviction. He maintains that to prove the offense as alleged in the indictment and the jury charge, the evidence must show that he hit Ramsey with

5

his "hands" and that there is no evidence that he hit her with both hands. Appellant further argues that there is no need to construct a hypothetically correct jury charge because the charge, as submitted to the jury, exactly tracks the indictment. The State initially counters that whether the jury charge tracked the language of the indictment is irrelevant for sufficiency review purposes because the sufficiency of the evidence is judged against a hypothetically correct jury charge rather than the charge actually given. The State further argues that the alleged variance between the indictment and the proof at trial was not material and, therefore, should be disregarded in a sufficiency review under a hypothetically correct jury charge.

As a preliminary matter, the State is correct that, in a sufficiency review, the evidence is measured against the hypothetically correct jury charge, even if the jury charge mirrors the indictment. *See Malik*, 953 S.W.2d at 240; *Stine v. State*, 300 S.W.3d 52, 56 (Tex. App.—Texarkana 2009, pet. dism'd). The essential elements of assault are: (1) the defendant; (2) intentionally, knowingly, or recklessly; (3) causes bodily injury; (4) to another. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West 2011); *Rodriguez v. State*, 274 S.W.3d 760, 767 (Tex. App.—San Antonio 2008, no pet.). Here, a hypothetically correct jury charge would ask whether Appellant intentionally or knowingly caused bodily injury to Caitlin Ramsey. *See Thomas v. State*, 303 S.W.3d 331, 333 (Tex. App.—El Paso 2009, no pet.).

## A. Alleged Variance Between Indictment and Proof

A variance arises when there is a difference between the allegations in the indictment and the evidence presented at trial. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). An immaterial variance between the indictment and the proof at trial is disregarded in a sufficiency of the evidence review. *Id.* A material variance, however, is fatal if it prejudices the defendant's substantial rights. *Id.* When determining materiality, the court "must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Id.*; *see also Millage v. State*, No. 06-02-00160-CR, 2003 WL 22299193, at *3 (Tex. App.—Texarkana Oct. 8, 2003, no pet.) (mem. op., not designated for publication) (noting that where "[a]ny subsequent prosecution would involve the same offense with the same statutory elements and the same set of facts arising out of the same incident on the same date," the variance will not subject the defendant to a second prosecution for the same crime, and the variance is not material). Further, a defendant bears the burden of showing prejudice. *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001). The court will disregard the variance if the defendant fails to explain how it prevented him from preparing an adequate defense or how he could be tried again under the same facts. *Hilburn v. State*, 312 S.W.3d 169, 175 (Tex. App.—Fort Worth 2010, no pet.).

7

In *Sanders v. State*, this court recognized the defendant's burden to prove prejudice. *See* 346 S.W.3d 26, 28 (Tex. App.—Fort Worth 2011, pet. ref'd). Sanders was convicted of assault, and although the charging instrument alleged that the assault caused the victim to hit a wall, the evidence indicated that the victim fell to the floor. *Id.* at 28, 30. Even though there was a variance between the indictment and proof at trial, this court disregarded the alleged variance because the appellant failed to allege that the variance denied him notice or subjected him to a subsequent prosecution for the same offense. *Id.* at 28; *see also Hilburn*, 312 S.W.3d at 175 (disregarding alleged variance in a sufficiency of evidence review when the appellant failed to explain how the alleged variance prevented him from preparing an adequate defense or how he could be prosecuted again under the same facts); *Rogers v. State*, 200 S.W.3d 233, 237 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that although the appellant attacked the sufficiency of the evidence, he failed to allege that the variance denied him sufficient notice or subjected him to a subsequent prosecution for the same offense).

Here, Appellant was charged with striking Ramsey with his "hands," and the State presented evidence that Appellant struck her with one hand, not both hands. The wording differs between the charging instrument and the proof at trial so it is a variance. But Appellant has not met his burden to allege or prove prejudice due to the variance. Like the appellants in *Sanders* and *Hilburn*, Appellant does not even argue that the variance denied him sufficient notice of

8

the charge so that he could prepare an adequate defense. Also similar to the *Sanders* and *Hilburn* appellants, Appellant has not shown how the variance could subject him to a second prosecution for the same offense when, taking the hypothetically correct jury charge into account, any subsequent prosecution would involve the same offense with the same elements and the same facts arising out of the same incident on the same date. Appellant bears the burden of showing materiality or prejudice, and he has not done so.

## B.  Manner and Means

Appellant also seems to argue that "with his hands" was a material element of the offense. The State responds that the manner and means is not an essential element of the offense and therefore should not be included in the hypothetically correct jury charge, making the discrepancy between "hands" and "fist" irrelevant.

Several courts have held that the manner and means of an offense—particularly assault—is not an essential element of the offense and therefore need not be included in the hypothetically correct jury charge. *See, e.g., Thomas*, 303 S.W.3d at 331; *Rodriguez*, 274 S.W.3d at 760; *Phelps v. State*, 999 S.W.2d 512, 516 (Tex. App.—Eastland 1999, pet. ref'd). A variance between the manner and means alleged and the actual manner and means used does not preclude a conviction. *Thomas*, 303 S.W.3d at 333. Even though the State may include the manner and means in the indictment, it will be disregarded in a hypothetically correct jury charge. *Id.*; *see also Johnson v. State*, PD-0068-11,

9

2012 WL 931980, at *4 (Tex. Crim. App. Mar. 21, 2012) (holding variance immaterial in aggravated assault case when indictment alleged the appellant hit the victim and twisted her arm "with his hand" and evidence showed the appellant threw the victim against a wall).

In *Thomas*, the court held that manner and means was not an essential element of assault. *See* 303 S.W.3d at 333. Although the charging instrument alleged that Thomas struck the victim with his hand, the State proved at trial that he pushed the victim. *Id.* The court held that, not being an essential element, manner and means would not be included in the hypothetically correct jury charge. *Id.*; *see Phelps*, 999 S.W.2d at 518 (holding that a hypothetically correct jury charge would not include the descriptive phrase "with his hand" and that it was thus immaterial that the State never proved the appellant struck the complainant with his hand); *see also Dunn v. State*, No. 05–10–00196–CR, 2011 WL 227715, at *2 (Tex. App.—Dallas Jan. 26, 2011, pet. ref'd) (not designated for publication) (concluding that the evidence was sufficient to uphold the appellant's conviction even though the proof at trial did not show that appellant struck complainant specifically with his hand or fist—as the indictment alleged— because manner and means are not an essential element of assault); *Botello v. State*, No. 08–04–00127–CR, 2005 WL 2044667, at *2–3 (Tex. App.—El Paso Aug. 25, 2005, pet. ref'd) (not designated for publication) (concluding that a variance between the alleged manner and means—striking the head of the complainant against a door frame—and the actual manner and means—pushing

the complainant—was immaterial because manner and means are not included in the hypothetically correct jury charge).

Here, because the manner and means must be disregarded in a hypothetically correct jury charge on assault, it is irrelevant that the State did not prove that Appellant struck the complainant with both hands. The hypothetically correct jury charge would allege that Appellant intentionally or knowingly caused bodily injury to Ramsey, and the evidence is sufficient to support that charge. *See* Tex. Penal Code Ann. § 22.01(a)(1); *Thomas*, 303 S.W.3d at 333. Applying the appropriate standard of review, we hold that sufficient evidence supports Appellant's conviction, and we overrule his sole point. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

## V. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 12, 2012