02-10-431-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00431-CR

 

 


 
 
 Michael Eric Fritzching
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM County
Criminal Court No. 5 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          Appellant
Michael Eric Fritzching appeals his conviction for misdemeanor assault of a
family member.  He contends in one point that the evidence is insufficient to
support his conviction for assault because the indictment and jury charge
alleged that Appellant struck his ex-girlfriend with his “hands” but that the
prosecution proved at trial that he struck her with his “fist.”  We affirm.

II. 
Factual Background

          Appellant
moved in with Caitlin Ramsey shortly after they began dating in the summer of
2007.  In February 2009, he and Ramsey ended their relationship and Appellant
moved out of their apartment.  A month or so later, as Appellant’s birthday
approached, Ramsey called Appellant, asking him to stop by the apartment to
pick up the present that Ramsey had purchased for him.

          On
April 4, 2009, Ramsey had some friends over to her apartment to “hang out.” 
After walking to a liquor store with her friends to buy whiskey, Ramsey
consumed two or three drinks and smoked some marijuana.  Later, Appellant
called Ramsey and asked her if he could stop by the apartment to pick up the
gift.  Ramsey agreed to meet him in the parking lot behind her apartment. 
After Appellant arrived, Ramsey also agreed to go for a ride in Appellant’s car
so that they could smoke marijuana together.  During this drive, Ramsey told
Appellant that she was still in love with him.  Appellant replied that he was
in love with someone else, and Ramsey asked him to take her home.

          After
they arrived back at the apartment parking lot, Appellant noticed that someone
had moved into one of Ramsey’s spare bedrooms.  Appellant became upset after
finding out that Ramsey’s friend Tyler was the new roommate because Tyler had a
reputation as a “ladies’ man.”  Appellant asked Ramsey to get out of the
vehicle, but Ramsey stayed inside and continued to talk to him.  Appellant then
got out of the vehicle, walked around to the passenger side, and hit Ramsey in
the face with his fist.

          Ramsey’s
friends later found her unconscious at the bottom of the stairs.  They carried
her inside the apartment and to the bathroom, where she vomited profusely. 
Ramsey’s friends then put her in bed, and she slept until she woke up to her
friends panicking at the sight of her bloody and swollen face.  Her friends
then persuaded her to go to the hospital.

          Dr.
Brenda Lobley examined Ramsey and, after reviewing the CAT scan she ordered of
Ramsey’s neck and head, discovered that Ramsey had sustained an orbital
fracture (i.e., a facial fracture around the eye).  Dr. Lobley further
determined that Ramsey suffered a laceration and extensive bruising to her
face, a shoulder injury, and a concussion.  Dr. Lobley likened Ramsey’s
injuries to the blunt force injuries experienced by those involved in car
accidents.  Dr. Lobley sutured Ramsey’s facial lacerations and prescribed
medications.

          Appellant
was indicted for the misdemeanor offense of assault, and the indictment alleged
that Appellant did “intentionally or knowingly cause bodily injury to Caitlin
Ramsey, a person with whom the defendant has or has had a dating relationship
that is a continuing relationship of a romantic or intimate nature, by hitting
her with his hands . . . .”  Appellant pleaded not guilty.  At trial, Ramsey
testified that Appellant struck her in the face with his fist.  The jury
charge, as submitted to the jury, alleged that Appellant “did . . .
intentionally or knowingly cause bodily injury to Caitlin Ramsey, a person
whose relationship is or association with the defendant has or has been a
continuing dating relationship of a romantic or intimate nature, by striking
her with his hands . . . .”  At the request of the defense, the judge amended
the jury charge to read “hands” instead of “hand.”  The jury found Appellant
guilty, and the trial court sentenced Appellant to 180 days in jail, a $500
fine, and two years’ community supervision.

III. 
Standard of Review

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi,
330 S.W.3d at 638.  The trier of fact is the sole judge of the weight and
credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008),
cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing an
evidentiary sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the
factfinder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  Instead, we Adetermine whether the
necessary inferences are reasonable based upon the combined and cumulative
force of all the evidence when viewed in the light most favorable to the
verdict.@  Hooper
v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the verdict and
defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Isassi,
330 S.W.3d at 638.

          The
sufficiency of the evidence should be measured by the elements of the offense
as defined by the hypothetically correct jury charge for the case, not the
charge actually given.  Byrd v. State, 336 S.W.3d 242, 246 (Tex. Crim.
App. 2011); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge is one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.  Byrd, 336 S.W.3d at 246; Malik, 953 S.W.2d at 240. 
Measuring the sufficiency of the evidence against the hypothetically correct
jury charge ensures that a defendant will be acquitted when the State actually
fails to meet its burden of proof rather than when the State includes a simple
error in the indictment or jury charge.  Malik, 953 S.W.2d at 240.  The
law as authorized by the indictment means the statutory elements of the charged
offense as modified by the factual details and legal theories contained in the
charging instrument.  See Curry v. State, 30 S.W.3d 394, 404–05 (Tex.
Crim. App. 2000).

IV. 
Analysis

          Appellant
argues in his sole point that the evidence is insufficient to sustain his
conviction.  He maintains that to prove the offense as alleged in the indictment
and the jury charge, the evidence must show that he hit Ramsey with his “hands”
and that there is no evidence that he hit her with both hands.  Appellant
further argues that there is no need to construct a hypothetically correct jury
charge because the charge, as submitted to the jury, exactly tracks the
indictment.  The State initially counters that whether the jury charge
tracked the language of the indictment is irrelevant for sufficiency review
purposes because the sufficiency of the evidence is judged against a
hypothetically correct jury charge rather than the charge actually given.  The
State further argues that the alleged variance between the indictment and the
proof at trial was not material and, therefore, should be disregarded in a
sufficiency review under a hypothetically correct jury charge.

          As
a preliminary matter, the State is correct that, in a sufficiency review, the
evidence is measured against the hypothetically correct jury charge, even
if the jury charge mirrors the indictment.  See Malik, 953 S.W.2d at
240; Stine v. State, 300 S.W.3d 52, 56 (Tex. App.—Texarkana 2009,
pet. dism’d).  The essential elements of assault are: (1) the defendant; (2)
intentionally, knowingly, or recklessly; (3) causes bodily injury; (4) to
another.  See Tex. Penal Code Ann. § 22.01(a)(1) (West 2011); Rodriguez v. State,
274 S.W.3d 760, 767 (Tex. App.—San Antonio 2008, no pet.).  Here, a
hypothetically correct jury charge would ask whether Appellant intentionally or
knowingly caused bodily injury to Caitlin Ramsey.  See Thomas v.
State, 303 S.W.3d 331, 333 (Tex. App.—El Paso 2009, no pet.).

A.  Alleged
Variance Between Indictment and Proof

          A variance arises when there is a difference between the
allegations in the indictment and the evidence presented at trial.  Gollihar
v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  An immaterial
variance between the indictment and the proof at trial is disregarded in a
sufficiency of the evidence review.  Id.  A material variance, however,
is fatal if it prejudices the defendant’s substantial rights.  Id.  When
determining materiality, the court “must determine whether the indictment, as
written, informed the defendant of the charge against him sufficiently to allow
him to prepare an adequate defense at trial, and whether prosecution under the
deficiently drafted indictment would subject the defendant to the risk of being
prosecuted later for the same crime.”  Id.; see also Millage v. State,
No. 06-02-00160-CR, 2003 WL 22299193, at *3 (Tex. App.—Texarkana Oct. 8, 2003,
no pet.) (mem. op., not designated for publication) (noting that where “[a]ny
subsequent prosecution would involve the same offense with the same statutory
elements and the same set of facts arising out of the same incident on the same
date,” the variance will not subject the defendant to a second prosecution for
the same crime, and the variance is not material).  Further, a defendant bears
the burden of showing prejudice.  Santana v. State, 59 S.W.3d 187, 194
(Tex. Crim. App. 2001).  The court will disregard the variance if the defendant
fails to explain how it prevented him from preparing an adequate defense or how
he could be tried again under the same facts.  Hilburn v. State, 312
S.W.3d 169, 175 (Tex. App.—Fort Worth 2010, no pet.).

          In Sanders v. State, this court recognized the
defendant’s burden to prove prejudice.  See 346 S.W.3d 26, 28 (Tex.
App.—Fort Worth 2011, pet. ref’d).  Sanders was convicted of assault, and although
the charging instrument alleged that the assault caused the victim to hit a
wall, the evidence indicated that the victim fell to the floor.  Id. at 28,
30.  Even though there was a variance between the indictment and proof at
trial, this court disregarded the alleged variance because the appellant failed
to allege that the variance denied him notice or subjected him to a subsequent
prosecution for the same offense.  Id. at 28; see also Hilburn,
312 S.W.3d at 175 (disregarding alleged variance
in a sufficiency of evidence review when the appellant failed to explain how
the alleged variance prevented him from preparing an adequate defense or how he
could be prosecuted again under the same facts);  Rogers v. State, 200
S.W.3d 233, 237 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d) (holding that
although the appellant attacked the sufficiency of the evidence, he failed to
allege that the variance denied him sufficient notice or subjected him to a
subsequent prosecution for the same offense).

          Here, Appellant was charged with striking Ramsey with
his “hands,” and the State presented evidence that Appellant struck her with
one hand, not both hands.  The wording differs between the charging instrument
and the proof at trial so it is a variance.  But Appellant has not met his
burden to allege or prove prejudice due to the variance.  Like the appellants
in Sanders and Hilburn, Appellant does not even argue that the
variance denied him sufficient notice of the charge so that he could prepare an
adequate defense.  Also similar to the Sanders and Hilburn appellants,
Appellant has not shown how the variance could subject him to a second
prosecution for the same offense when, taking the hypothetically correct jury
charge into account, any subsequent prosecution would involve the same offense
with the same elements and the same facts arising out of the same incident on
the same date.  Appellant bears the burden of showing materiality or prejudice,
and he has not done so.

B.  Manner
and Means

          Appellant
also seems to argue that “with his hands” was a material element of the
offense.  The State responds that the manner and means is not an essential
element of the offense and therefore should not be included in the
hypothetically correct jury charge, making the discrepancy between “hands” and
“fist” irrelevant.

          Several courts have held that the manner and means of an
offense—particularly assault—is not an essential element of the offense and
therefore need not be included in the hypothetically correct jury charge.  See,
e.g., Thomas, 303 S.W.3d at 331; Rodriguez, 274 S.W.3d at
760; Phelps v. State, 999 S.W.2d 512, 516 (Tex. App.—Eastland 1999, pet.
ref’d).  A variance between the manner and means alleged and the actual manner
and means used does not preclude a conviction.  Thomas, 303 S.W.3d at
333.   Even though the State may include the manner and means in the
indictment, it will be disregarded in a hypothetically correct jury charge.  Id.;
see also Johnson v. State, PD-0068-11, 2012 WL 931980, at *4 (Tex. Crim.
App. Mar. 21, 2012) (holding variance immaterial in aggravated assault case
when indictment alleged the appellant hit the victim and twisted her arm “with
his hand” and evidence showed the appellant threw the victim against a wall).

In Thomas, the court held that manner and means was not an
essential element of assault.  See 303 S.W.3d at 333.  Although the
charging instrument alleged that Thomas struck the victim with his hand, the
State proved at trial that he pushed the victim.  Id.  The court
held that, not being an essential element, manner and means would not be
included in the hypothetically correct jury charge.  Id.; see Phelps,
999 S.W.2d at 518 (holding that a hypothetically correct jury charge would not
include the descriptive phrase “with his hand” and that it was thus immaterial
that the State never proved the appellant struck the complainant with his hand);
see also Dunn v. State, No. 05–10–00196–CR, 2011 WL 227715, at *2
(Tex. App.—Dallas Jan. 26, 2011, pet. ref’d) (not designated for publication)
(concluding that the evidence was sufficient to uphold the appellant’s
conviction even though the proof at trial did not show that appellant struck
complainant specifically with his hand or fist—as the indictment
alleged—because manner and means are not an essential element of assault); Botello
v. State, No. 08–04–00127–CR, 2005 WL 2044667, at *2–3 (Tex. App.—El Paso
Aug. 25, 2005, pet. ref’d) (not designated for publication) (concluding that a
variance between the alleged manner and means—striking the head of the
complainant against a door frame—and the actual manner and means—pushing the
complainant—was immaterial because manner and means are not included in the
hypothetically correct jury charge). 

Here, because the manner and means must be disregarded in a
hypothetically correct jury charge on assault, it is irrelevant that the State
did not prove that Appellant struck the complainant with both hands.  The
hypothetically correct jury charge would allege that Appellant intentionally or
knowingly caused bodily injury to Ramsey, and the evidence is sufficient to
support that charge.  See Tex. Penal Code Ann. § 22.01(a)(1); Thomas,
303 S.W.3d at 333.  Applying the appropriate standard of review, we hold that
sufficient evidence supports Appellant’s conviction, and we overrule his sole
point.  Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Isassi, 330 S.W.3d at 638.

V.  Conclusion

          Having overruled Appellant’s sole point, we affirm the
trial court’s judgment.

 

ANNE GARDNER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 12, 2012









[1]See Tex. R. App. P. 47.4.