

|  | § |  |
| --- | --- | --- |
| BILLY RAY FOSTER, JR., | § | No. 08-19-00168-CR |
| Appellant, | § | Appeal from the |
| v. | § | 350th District Court |
| THE STATE OF TEXAS, | § | Of Taylor County, Texas |
| Appellee. | § | (TC# 11665-D) |
|  | § |  |

## O P I N I O N

Appellant, Billy Ray Foster, Jr., appeals from a jury verdict finding him guilty of unlawful possession of a firearm by a felon, enhanced by prior felonies. TEX.PENAL CODE ANN. § 46.04(a)(1). In two issues, Appellant challenges his conviction on legal insufficiency grounds, and contends the trial court erred in denying Appellant's request for a jury instruction pursuant to Article 38.23 of the Texas Code of Criminal Procedure. We affirm.

### BACKGROUND

### *Factual Background*

On October 19, 2014, Abilene Police Officer Kirby was notified of a stolen iPad from a vehicle. The owner of the iPad, ("Mr. Pittman"), used the "Find my iPad" app to track his device and traced it to an address. Officer Kirby, along with Officer Craft, drove to the traced address and knocked on the door—no one answered. Officer Craft looked inside the maroon truck parked in the driveway of the home and saw two duffle bags—distinctively, one being black and red. Officer

Craft discovered the maroon truck was registered to Appellant after running the plates.

The next morning, Mr. Pittman notified Officer Phipps the iPad now appeared to be located at a different address. Officer Phipps went to the new location where he found a vacant lot with a black duffel bag near the creek. Officer Phipps noticed a few workers on the vacant lot and approached them, asking to identify themselves and whether they knew who the bag belonged to. Appellant and the workers denied knowledge and ownership of the bag. Appellant identified himself by name, and having recognized the name as the registered owner of the truck located in the driveway from the previous traced address, Officer Phipps asked Appellant to accompany him to the front of the house.

When Officer Craft arrived on scene, he recognized a marron truck with the same license plates from the day before among the parked vehicles. Officer Phipps asked Officer Craft to stand by Appellant while he returned to the back of the house. Officer Phipps returned to the location of the duffle bag, opened the bag, and within its contents found a Glock 23 with the St. Paul, Minnesota emblem on the side, an iPad, and an extended .40 caliber Glock magazine. Officer Phipps then placed Appellant under arrest. When Appellant saw the duffel bag, he again denied knowledge and ownership of the bag. Moments later, Appellant admitted he saw the duffel bag earlier that day, went and picked it up, looked inside, took a few items out, but decided it looked suspicious and left it alone. At no time did Appellant claim the duffle bag was his.

After his arrest, Appellant was escorted to the Law Enforcement Center to speak with Detective Harris, where Appellant admitted to being on parole.

### Procedural Background

Prior to trial, Appellant filed a motion to suppress any and all evidence resulting from his arrest, which the trial court denied. At trial, the court held a jury charge conference, where

Appellant requested an Article 38.23(a) instruction under the Code of Criminal Procedure, and objected to the trial court's denial. The tendered instruction would have directed the jury not to consider evidence of wrongful acts not charged in the indictment unless the jury believes, beyond a reasonable doubt, that Appellant did, in fact, commit the wrongful act. The trial court asked whether Appellant's request of the 38.23(a) instruction addressed the same issues presented in its motion to suppress; Appellant answered in the affirmative and indicated no additional facts were available.

The jury found Appellant guilty of felon in possession of a firearm and sentenced Appellant to eighty years' confinement.

## DISCUSSION

### *Issues*

In two issues, Appellant challenges the legality of his arrest. First, Appellant contends the evidence is legally insufficient because the State failed to offer evidence showing his possession of the firearm occurred within the requisite five-year release period from confinement or parole. Second, Appellant argues the trial court erred in denying his requested Article 38.23(a) jury instruction.

## LEGAL SUFFICIENCY

### *Standard of Review & Applicable Law*

Under the Due Process Clause of the U.S. Constitution, the State is required to prove every element of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The critical inquiry in a legal sufficiency challenge, as set out in *Jackson* and to which we refer as the "*Jackson* standard," is whether the evidence in the record could reasonably support a conviction of guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235

3

S.W.3d 772, 778 (Tex.Crim.App. 2007). When reviewing the legal sufficiency of the evidence, we must view all of the evidence in the light most favorable to the verdict to determine whether any rational juror could have found the defendant guilty of the essential elements of the offense beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App. 2005). Additionally, we treat circumstantial evidence as being equally probative as direct evidence. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004)(*citing Templin v. State*, 711 S.W.2d 30, 33 (Tex.Crim.App. 1986)). We measure the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Thomas v. State*, 303 S.W.3d 331, 333 (Tex.App.—El Paso 2009, no pet.)(*citing Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997)).

We bear in mind the trier of fact is the sole judge of the weight and credibility of the evidence, and we must presume the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014) (*citing Jackson*, 443 U.S. at 319). A reviewing court may not reevaluate the weight and credibility of the evidence or substitute its judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010)(*citing Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999)). Our only task under this standard is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

Appellant was charged with unlawful possession of firearm by felon under Texas Penal Code § 46.04(a)(1). The relevant statute states:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony offense or the person's release from supervision under community supervision, parole, or

mandatory supervision, whichever date is later, or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX.PENAL CODE ANN. § 46.04(a).

### *Analysis*

Appellant argues the State failed to provide sufficient evidence of release from confinement within the statutorily required five-year period, which is an essential element as charged in the indictment. The State's indictment in pertinent part alleged:

> [O]n or about the 18th day of October, 2014 and anterior to the presentment of this indictment . . . [Appellant] did then and there, having been convicted of the felony offense of BURGLARY OF A HABITATION on the 5th day of October, 2004 . . . . intentionally and knowingly possess a firearm before the fifth anniversary of his release from confinement, parole, or mandatory supervision following conviction of the felony . . . .

Pursuant to the charge as submitted to the jury, the State was required to prove, beyond a reasonable doubt, that:

1. the defendant was convicted of a felony; and

2. the defendant intentionally or knowingly possessed a firearm; and

3. *the possession occurred before the fifth anniversary of the defendant's release from confinement, parole, or mandatory supervision following the conviction of the felony.* [Emphasis added].

Appellant challenges the aforementioned third element, asserting the State "did not ever address or enter evidence indicating when appellant was released from confinement or if appellant was on parole when the instant offense occurred—until its final argument." However, at trial, a recording of Detective Harris's interview with Appellant was admitted into evidence by the State. On the recorded interview, Appellant confirms he was on parole at the time of the underlying charged offense. The pertinent dialogue is as follows:

5

Q:      You on paper for anything?

A:      Yeah, I'm on parole.

Q:      For?

A:      Burglary of a habitation.

.       .       .

Q:      You just paroled recently?

A:      Yeah

Q:      Just got out of prison recently?

A:      Yeah, four months ago.

Appellant's release date was illustrated by his recorded interview with Detective Harris, which was played for the jury at trial. Furthermore, in its closing argument, the State emphasized to the jury Appellant was on parole when the underlying offense occurred: "Now, he is on parole. He knows that he cannot possess a firearm. He has not been released from parole. He just got on parole. He knows he cannot possess a firearm." We emphasize that we must treat circumstantial evidence as being equally probative as direct evidence. *Guevara*, 152 S.W.3d at 49. A lack of direct evidence is not dispositive on the issue of Appellant's guilt; guilt may be established by circumstantial evidence alone. *Id.*, at 49 (*citing Miles v. State*, 165 S.W. 567, 570 (Tex.Crim.App. 1914)). Moreover, we bear in mind the trier of fact is the sole judge of the weight and credibility of the evidence, and we must presume the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014)(*citing Jackson*, 443 U.S. at 319).

Because the recorded interview was admitted into evidence and was played for the jury, we find it legally sufficient to support a rational juror could have found, beyond a reasonable doubt,

that the possession occurred before the fifth anniversary of Appellant's release from confinement, parole, or mandatory supervision following the conviction of the felony. Issue One is overruled.

## CHARGE ERROR

### *Standard of Review*

Article 36.19 of the Texas Code of Criminal Procedure governs the standard for reversal on appeal in Texas regarding the requirements of Article 36.14, which relate to the charge of the court. TEX.CODE CRIM.PROC.ANN. art. 36.19. The judgment shall not be reversed unless the error appearing from the record was "calculated to injure the rights of [the] defendant" TEX.CODE CRIM.PROC.ANN. art. 36.19.

Under *Almanza v. State*, jury charge error requires reversal when the defendant has properly objected, and the reviewing court finds "some harm" to his rights. 686 S.W.2d 157, 171 (Tex.Crim.App. 1984)(op. on reh'g). The degree of actual harm must be evaluated "in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id*. at 171.

### *Applicable Law*

Under Article 38.23(a) of the Texas Code of Criminal Procedure, "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX.CODE CRIM.PROC.ANN. art. 38.23(a). When "the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

7

TEX.CODE CRIM.PROC.ANN. art. 38.23(a). Thus, a defendant is entitled to a jury instruction under Article 38.23 only if: (1) the evidence heard by the jury raises an issue of fact; (2) the defendant affirmatively contests the evidence on that fact; and (3) the contested factual issue is material to the lawfulness of the challenged conduct. *See Hamal v. State,* 390 S.W.3d 302, 306 (Tex.Crim.App. 2012). When the evidence does not raise an issue of fact, the trial court should not charge the jury under Article 38.23(a). *Madden v. State*, 242 S.W.3d 504, 510-513 (Tex.Crim.App. 2007).

The Supreme Court of the United States has consistently held a defendant's objection to the admission of evidence must be based upon a violation of his *own* rights; in other words, the defendant must have a reasonable expectation of privacy. *Alderman v. U.S.*, 394 U.S. 165, 174-75 (1969). When a defendant lacks a reasonable expectation of privacy, he lacks standing and is precluded from challenging admissibility of the evidence under Article 38.23. *Fuller v. State*, 829 S.W.2d 191 (Tex.Crim.App. 1992).

### *Analysis*

At trial, Appellant properly preserved error by requesting a 38.23 instruction and objecting to that adverse ruling. Thus, we review the entire jury charge, the evidence, the arguments of counsel, and any other relevant information by the trial record to determine whether the court's ruling resulted in some harm to Appellant's rights. *Almanza*, 686 S.W.2d at 171. To raise a disputed fact issue warranting an Article 38.23 instruction, there must be affirmative evidence that puts the existence of the challenged fact in question. *See Madden*, 242 S.W.3d at 513. "If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law." *Id*. at 510.

Appellant's tendered instruction reads:

During the trial, you heard evidence that the defendant may have committed wrongful acts not charged in the indictment. The state offered the evidence to show that the defendant_____ [left blank in instruction]. You are not to consider that evidence at all unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit the wrongful act. Those of you who believe the defendant did the wrongful act may consider it.

Even if you do find that the defendant committed a wrongful act, you may consider this evidence only for the limited purpose I have described. You may not consider this evidence to prove that the defendant is a bad person and for this reason was likely to commit the charged offense. In other words, you should consider this evidence only for the specific, limited purpose I have described. To consider this evidence for any other purpose would be improper.

Appellant argues he was entitled to the instruction because the legality of his detention and subsequent arrest was a significant question that should have been presented as a questionable issue to the jury. Appellant argues had the instruction been submitted to the jury, the jury could have disbelieved, or developed reasonable doubt, as to whether the evidence was obtained in violation of Article 38.23 of the Texas Code of Criminal Procedure. The State argues because the evidence was not discovered as a result of Appellant's detention, any factual dispute regarding his detention is immaterial to the search of the bag. We agree.

Search and seizure of the evidence and Appellant's subsequent arrest were not the product of Appellant's detention. "Abandonment of property occurs if: (1) the defendant intended to abandon the property, and (2) his decision to abandon the property was not due to police misconduct." *Swearingen v. State*, 101 S.W.3d 89, 101 (Tex.Crim.App. 2003)(*quoting McDuff v. State*, 939 S.W.2d 607, 616 (Tex.Crim.App. 1997). When a defendant voluntarily abandons property, he lacks standing to contest the reasonableness of the search of the abandoned property. *Id*. The bag was located on a vacant lot near a creek, and Appellant denied ownership of the bag. The officers had reasonable suspicion to search the bag after having linked Appellant to two different locations of the stolen iPad twice. The search of the bag occurred *after* Appellant denied

ownership of the bag and Appellant was arrested *after* the bag was searched. Accordingly, Appellant does not have a privacy interest in the bag and lacks standing to challenge its admissibility. *See Hypolite v. State*, 985 S.W.2d 181, 185-88 (Tex.App.—San Antonio 1998, no pet.)("Where ownership is abandoned or disclaimed prior to a search, no Fourth Amendment violation occurs because the defendant has no legitimate expectation of privacy in property that has already been abandoned.").

Because Appellant lacks standing to challenge the search of the bag, there is no disputed fact issue warranting an Article 38.23 instruction. The trial court did not err in denying Appellant's Article 38.23 instruction. Issue Two is overruled.

## CONCLUSION

For these reasons, we affirm the judgment of the trial court.

January 29, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

10