

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES DEREK ADKINS, | § | No. 08-20-00054-CR |
| Appellant, | § | Appeal from the |
| v. | § | 112th Judicial District Court |
| THE STATE OF TEXAS, | § | Of Crockett County, Texas |
| Appellee. | § | (TC#17-05-02973-CR) |

## **O P I N I O N**

Appellant, James Derek Adkins, appeals his conviction of evading arrest with a motor vehicle. TEX.PENAL CODE ANN. § 38.04(b)(1)(A). In a single issue, Appellant seeks acquittal of his conviction, asserting the evidence is legally insufficient. We affirm.

### *Factual Background*

Crockett County Sheriff's Deputy, Sammy Longoria ("Deputy Longoria"), was dispatched to a disturbance—a male subject yelling in the street—in a residential subdivision at approximately 2:47 a.m. Upon arrival, Deputy Longoria was wearing his deputy uniform and met with the complainant and Appellant. He intended to arrest Appellant for public intoxication and disorderly conduct. Deputy Longoria testified he knew Appellant and Appellant knew Deputy Longoria well enough to address him by first name. Appellant said to Deputy Longoria, "What's the problem, Sammy?" Deputy Longoria replied, "Looks like you are." At this moment, Appellant looked back

and noticed Deputy Larry Sanchez arriving, and Appellant "took off running towards his residence." The deputies ran after Appellant, but Appellant went inside his residence and locked the door. Appellant refused to exit the residence and the deputies decided they would return in the morning with a warrant.

The deputies left the residence and stopped in front of the entrance of the subdivision to ensure Appellant remained inside his residence, i.e., that there would be no more disturbances. While the deputies waited, Appellant's mother arrived at the entrance and informed them she had seen them on her home camera and told them she would let them inside the house. Deputy Sanchez entered the residence through the front door and Deputy Longoria entered through the back door, but Appellant was no longer inside. While the deputies were inside searching for Appellant, Appellant was outside fleeing in a suburban. The deputies pursued Appellant in their respective patrol units with their overhead lights on.

During the pursuit, Appellant ran red lights, stop signs, and did not use turn signals, all while traveling at a speed of about eighty to ninety miles per hour. Appellant stopped the vehicle and Deputy Sanchez exited his patrol unit and approached Appellant to tell him to open the door; Appellant refused and drove off. The chase persisted and Appellant drove to his residence. As Appellant approached his residence, he slowed down, which made the deputies think he might possibly attempt to enter the home. Deputy Sanchez exited his patrol unit a second time just in case Appellant tried to run inside, but Appellant took off again. With their overhead lights still on, the deputies chased after Appellant until Deputy Sanchez notified the chief deputy and had spike strips deployed. Appellant eventually drove his vehicle over the spike strips and the pursuit ended.

After having to forcefully remove Appellant from the vehicle, Appellant was finally apprehended. A video of the chase was admitted into evidence and reviewed by the jury.

### *Procedural Background*

Appellant was charged with evading arrest with a motor vehicle, enhanced to a second-degree felony by a prior felony conviction. The jury found Appellant guilty and sentenced him to the Institutional Division of the Texas Department of Criminal Justice for a term of sixteen years. This appeal followed.

## DISCUSSION

In a single issue, Appellant asserts the evidence is legally insufficient and requests acquittal of his conviction. We disagree.

### *Standard of Review*

Under the Due Process Clause of the U.S. Constitution, the State is required to prove every element of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In *Brooks*, the Texas Court of Criminal Appeals held the only standard a reviewing court should apply when examining the sufficiency of the evidence is the legal sufficiency standard articulated in *Jackson*, which requires deference to be given to the jury's credibility and weight determinations. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). The critical inquiry in a legal sufficiency challenge, is whether the evidence in the record could reasonably support a conviction of guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319*; Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007). When reviewing the legal sufficiency of the evidence, we must view all of the evidence in the light most favorable to the verdict to determine whether any rational juror could have found the defendant guilty of the essential elements of the

3

offense beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App. 2005). Additionally, we treat circumstantial evidence as being equally probative as direct evidence. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004)(*citing Templin v. State*, 711 S.W.2d 30, 33 (Tex.Crim.App. 1986)). Therefore, a lack of direct evidence is not dispositive on the issue of the defendant's guilt; guilt may be established by circumstantial evidence alone. *Id*. at 49 (*citing Miles v. State*, 165 S.W. 567, 570 (Tex.Crim.App. 1914)). We measure the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Thomas v. State*, 303 S.W.3d 331, 333 (Tex.App.—El Paso 2009, no pet.)(*citing Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997)). A hypothetically correct charge accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the offense for which the defendant was tried. *Malik*, 953 S.W.2d at 240.

We bear in mind that the trier of fact is the sole judge of the weight and credibility of the evidence, and we must presume the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014) (*citing Jackson*, 443 U.S. at 319). A reviewing court may not reevaluate the weight and credibility of the evidence or substitute its judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010)(*citing Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999)). Our only task under this standard is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

### *Applicable Law*

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him and refuses to yield

4

to that lawful show of authority. TEX.PENAL CODE ANN. § 38.04(a); *Perry v. State*, No. 02-19-00262-CR, 2020 WL 479590, at *4 (Tex.App.—Fort Worth Jan. 30, 2020, pet. ref'd)(mem. op., not designated for publication). The accused must know the person from whom he is fleeing is a peace officer attempting to arrest or detain him. *See Jackson v. State*, 718 S.W.2d 724, 726 (Tex.Crim.App. 1986). Unlawful fleeing is "anything less than prompt compliance with an officer's direction to stop[.]" *Lopez v. State*, 415 S.W.3d 495, 497 (Tex.App.—San Antonio 2013, no pet.)(*citing Horne v. State*, 228 S.W.3d 442, 446 (Tex.App.—Texarkana 2007, no pet.)[Internal quotations omitted]. A jury may infer knowledge from circumstantial evidence, such as the acts, words, and conduct of the defendant. *Reyes v. State*, 480 S.W.3d 70, 77 (Tex.App.—Fort Worth 2015, pet. ref'd). A reviewing court determines whether a jury's inferences are reasonable "based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 17 (Tex.Crim.App. 2007).

### *Analysis*

Appellant argues the evidence is legally insufficient to support he knew, beyond a reasonable doubt, that the attempted arrest or detention was lawful, as required by the plain language of the evading arrest statute. However, Appellant is misguided and cites to no authority in support of his contention, nor are we aware of any. To the contrary, Texas courts have consistently concluded it is not necessary for the State to prove the defendant knew the detention was lawful. *Nicholson v. State*, 594 S.W.3d 480, 484 (Tex.App.—Waco 2019, pet. granted); *see Johnson v. State*, No. 13-05-00648-CR, 2007 WL 1021413, at *2 (Tex.App.—Corpus Christi Apr. 5, 2007, no pet.)(mem. op., not designated for publication)("It is not required that the State prove that the defendant had knowledge of the legal basis for the attempted detention or arrest."). We find the State was not required to prove Appellant knew the arrest or detention was lawful.

However, an analysis of the legal sufficiency of the evidence warrants the same outcome. As noted above, we analyze the sufficiency of the evidence under a hypothetically correct jury charge. *Thomas*, 303 S.W.3d at 333. Under either the State's or Appellant's interpretation of the hypothetically-correct jury charge—the difference being whether the State was required to prove Appellant knew the arrest or detention was lawful—Appellant's conviction for evading arrest or detention with a vehicle can be affirmed.[1]

When Deputy Longoria responded on scene, he was wearing his deputy uniform and met with Appellant. There was testimony presented at trial that Deputy Longoria and Appellant knew each other since before the day in question; Deputy Longoria testified Appellant called him by his first name. As Appellant spoke to Deputy Longoria, he noticed another officer and "took off running[.]" The deputies ran after Appellant, but Appellant locked himself inside his residence and refused to come out. After being let inside the residence by Appellant's mother, Appellant managed to exit the house and fled in a suburban. The deputies pursued Appellant in their respective patrol units with their overhead lights on. Appellant refused to yield to the lawful show of authority and continued for twenty minutes and forty-five seconds before coming to a complete stop. His vehicle actually only came to a complete stop because he drove over spike strips the deputies deployed. Even after the fact, Appellant had to be forcefully removed from his vehicle. Throughout the chase, Appellant ran red lights, stop signs, and did not use turn signals, all while

---

[1] However, if we have misconstrued Appellant's argument and he is complaining about the jury charge itself, we find he has waived error. Rule 33.1 of the Texas Rules of Appellate Procedure governs error preservation and provides that, to preserve error, a complaint must be "made to the trial court by a timely request, objection, or motion that . . . state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX.R.APP.P. 33.1(a)(1)(A). At trial, Appellant did not object to the jury charge by request, objection, or motion, the complaint that the State was required to prove he knew the arrest or detention was lawful. Furthermore, counsel for Appellant correctly articulated the elements of the charged offense and did not argue the State was required to prove the accused's knowledge as to lawfulness. Thus, as to any complaints regarding the jury charge, Appellant has waived error.

traveling at a speed of about eighty to ninety miles per hour. The video of the chase was admitted into evidence and reviewed by the jury. Therefore, even under Appellant's hypothetically correct jury charge, which would require the State to prove Appellant knew he was being lawfully arrested, the jury could rationally infer from the evidence that Appellant knew or should have known he was subject to lawful arrest or detention. *See Nicholson*, 594 S.W.3d at 488.

Accordingly, we find the evidence was sufficient to establish Appellant intentionally fled from the deputies, who he knew were attempting to lawfully arrest or detain him, and he refused to yield to that lawful show of authority. *See* TEX.PENAL CODE ANN. § 38.04(a). Appellant's sole issue is overruled.[2]

**CONCLUSION**

For these reasons, we affirm.

August 31, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

---

[2] The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he was informed of his rights to appeal and to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX.R.APP.P. 25.2(d). The certification is defective, and has not been corrected by Appellant's attorney, or the trial court. To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a *pro se* petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX.R.APP.P. 48.4, 68. Appellant's attorney is further ORDERED, to comply with all of the requirements of TEX.R.APP.P. 48.4.